UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Ping Yip (Winnie)
58 West Saddle River Road
Saddle River NJ 07458
201-316 6270

Ping Yip (Winnie)

    Plaintiff(s)

Vs.
HUGS TO GO LLC  (Tax #0600315652)
Audrey L. Storch

    Defendant(s)

P.O. Box 2130 Wayne NJ 07470-2130
Or
8 Mayfair Drive, Wayne, NJ 07470

**COMPLAINT**

Dated Sep 23, 2008

08-4746
(KSH)

First count

(Patent Infringement)

1, On Nov 4, 2003, United States Letters Patent No. 6,641170 B2 was issued for an invention entitled "Children's Sound Book", listing Winnie Yip ( Ping Yip) as the inventor. A true and correct copy of the patent is attached and included by reference as Exhibit #1.

2. This invention relates to childern's sound books and in particular to books having a fabric covering with sound chips positioned therein and an overlapping cover which closes and locks due to hook and loop fasteners.

Page 1 of 6

This invention involves a folding cloth covered book that is appealing to children, pleasant to touch and stretches out into an elongated representation of the book subject matter. Sound chips and a controller are mounted between cloth layers and are coupled to a controller similarly mounted to emit sound when a particular representation is contacted. The books are intended for children 6 months old and above.

3. Defendant has engaged in manufacturing and selling Ms Yip's patented products. 35 U.S.C. 271 infringement of patent.

4. Defendant has used, sold or offered to sell, and continue to use, sell or offer to sell, an children's sound book that infringes each of the elements of one or more claims of the patent, without license from Ping Yip (Winnie), in this judicial district and elsewhere throughout the United States.

5. By making, using, selling, and/or offering for sale its patent, defendant has directly and contributory infringed, and will continue to directly and contributory infringe, one or more claims of the patent under 35 U.S.C.A. 271(a), (b), (c), and (f), literally and/or under the doctrine of equivalents.

6. On information and belief, defendant's infringement of the patent has been and continues to be willful and deliberate.

7. As a direct and proximate consequence of the acts and practices of defendant, plaintiff has been, is being and, unless such acts and practices are enjoined by the court, will continue to be injury in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C.A. 284. 283. Wherefore, plaintiff requests the entry of a judgment from this court:

(a) Declaring that United States Letters Patent was duly and legally issued, is valid and is enforceable;

(b) Declaring that defendant has directly infringed one or more claims of the patent;

(c) Declaring that defendant has willfully infringed one or more claims of the patent;

(d) Awarding plaintiff damages in accordance with 35 U.S.C.A. 283;

(e) Awarding plaintiff its costs in connection with this action;

(f) Awarding plaintiff such other and further relief as this court may deem to be just and proper.

## Second Count
(Copyright infringement, Fraudulent copyright notice, False Representation)

8. Prior to 2001-2002, Plaintiff, who then were and ever since have been a domiciliary of the United States, created, wrote and published original books entitle "Old McDonald's Farm" and "ABC".

9. Plaintiff's above- referenced books contains a substantial amount of material created by plaintiff's own skill, labor and judgment, and is copyrightable subject matter under the laws of the United States.

10. Plaintiff complied in all respects with the United States Copyright Sct of 1976 and all other laws governing Copyright, and receiving from the register of copyrights a Certificate of Registration, No. Txu 1-059-189 for "Old McDonald's Farm", and No. Txu 1-123-585 for "ABC". Exhibit 2 & 3 and incorporated by this reference. Publication was made with notice in

strict and full compliance with the federal Copyright Act of 1976.

11. Since 2001. the above- mentioned books have been published by plaintiff and all copies of it made by plaintiff or under her authority or license have been printed, bound and published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

12. Since 2001, plaintiff has been and still is the sole proprietor of all right, title and interest in and to the copyright in such book.

13. Defendant, who had intentionally and knowingly reproduced the artwork, design, voice-over, characterizations, story lines, and overall imagery of the plaintiff' works. 17 USC & 401 (a), 407 (a), 408 (a) 17 USC & 1202, 1203.

14. Defendant alleged author of the Copyright VAU 557-895 "Old MacDonald's farm" applied on Jun 24, 2002, and VAU 701-286 "The Singing ABC Book" applied on May 30, 2006 Defendant had intentionally and knowingly reproduced the artwork, design, voice-over, characterizations, story lines, and overall imagery of the plaintiff' works. Exhibit 4 & 5. Title 17& 506 (a) (1) (C), Title 17& 506 (c) (d) (e).

15. Defendant used and will continue to using the counterfeit Copyright to deceive the consumer.

16. Defendant infringed of copyrights Txu 1-059-189 "Old McDonald's Farm", Txu 1-123-585 "ABC" by publishing, wholesale, and placing on the market. Exhibit 6

17. There is a substantial likelihood that plaintiff will succeed on the merits of this action. Plaintiff requests that:

(I) Declaring that copyrights Txu 1-059-189 "Old McDonald's Farm", Txu 1-123-585 "ABC" was duly and legally issued, is valid and is enforceable;

(II) Declaring that defendant has willfully fraudulent intent, publicly distributes and imports for public distribution the words, design, artwork image, voice-over with knows to false.

(III) Declaring defendant has "False Representation" who knowingly made a false representation of a material fact in the application for copyright registration provided for by section 409.

(IIII) Defendant should be enjoined during the pendency of this action and permanently from infringing the above-mentioned copyright of plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the books entitled "Old McDonald's Farm" and "ABC".

(V) Defendant required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendant's infringement of plaintiff copyright and defendant's unfair trade practices and unfair competition, and to account for:

(a) All gains, profits and advantages derived by defendant through such trade practices and unfair competition;

(b) All gains, profits and advantages derived by defendant through defendant's infringement of plaintiff's copyright and false representation (using plaintiff copyright's words, design, artwork image, voice-over). The damages as to the court shall appear proper within the provisions of the copyright statutes.

(c) Defendant pay to plaintiff the costs of this action and reasonable attorney fees that may will have in the continue litigation to be

allowed plaintiff by the court.

(d) Plaintiff has such other and further relief as is just.

18. This action arises under the patent laws of the United States, 35 U.S.C.A. 271, 281, 283 et seq.. Subject matter jurisdiction is conferred on this Court by 28 U.S.C.A. & 1391(b), 1391(c), and/or 1400(b).

19. This action is also brought under the federal Copyright Act of 1976, as amended, 17 U.S.C.A. 101, Title 17& 506 (a) (1) (C), Title 17& 506 (c) (d) (e), 17 USC & 401 (a), 407 (a), 408 (a) 17 USC & 1202, 1203 and 18USC2319.

## JURY DEMAND

Ping Yip (Winnie)

*[signature]*