U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

2009 OCT 22  P 3: 10

## DISTRICT OF NEW JERSEY

Ping Yip
58 West Saddle River Road
Saddle River NJ 07458
201-316 6270

## Amended Complaint

Ping Yip (Winnie)

Honorable Patty Shwartz

Case Number: 2:08-CV-4746 (ksh)

Plaintiff(s)

Dated October 22, 2009

VS

HUGS TO GO, LLC (Tax #0600315652)
Audrey L. Storch
JAAM'LLC

Defendant(s)

P.O. Box 2130, Wayne, NJ 07470-2130
Or
8 Mayfair Drive, Wayne, NJ 07470

According to Rule 4:30A (1) General Principles, Plaintiff is required to request
JAAM'LLC to be re- joined to Case Number: 2:08-CV-4746 (ksh). Plaintiff claims
that **Defendant Audrey L. Storch plagiarized her work and deceived The
United States Copyright office.** Plaintiff is in possession of clear and convincing
evidence that proves the Defendant committed this crime (Title 17 Chapter 5 §
506). Plaintiff seeks the reason why Audrey L. Storch should be removed from this
case. Plaintiff requests the Court to follow Rule 4:30A (1) and Title 17 Chapter 5 §
506, and render a legal distinction between the four copyrights.

1

STATEMENT OF FACTS

1. In case # 06-5032(KSH) "Wai Yip Int'l Corp v JAAM'LLC" Plaintiff was denied to enjoin Defendant Audrey Storch in the case. The reason Ms. Storch could not be enjoined in this case was because Judge Katharine S. Hayden believes that she is not a party in this Case. [See Civ Action No. 06-5032(KSH) Judge Katharine S. Hayden's "OPINION". (This Case closed without a trial and with no judgment)].

2. In case # 08-2370(SDW), Hon. Susan D. Wigenton heard Ms. Storch's argument that **because Judge Hayden had stated Ms. Storch cannot be a party in the previous case** (case # 06-5032(KSH) "Wai Yip Int'l Corp v JAAM'LLC"), **she therefore cannot be sued in another case.** Judge Wigenton upheld this previous decision, and denied this new case without a trial. However, in the new case, the Plaintiff, **Ping Yip, is personally suing the Defendant, Audrey Storch.** Since Audrey L. Storch is not a party in the JAAM'LLC case, shall be an individual defendant, which, by law, **can be pursued.**

3. In case # 08-13514(DHS), Plaintiff brought suit against JAAM'LLC, claiming the company committed Bankruptcy fraud. Ms. Storch again argued that because Judge Wigenton had barred Plaintiff's motion against her, the case should be dismissed. The Honorable Donald H. Steckrotrh stated, "And I guess like Judge Wigenton, I'm about to bar this plaintiff from further proceeding". Again, this case closed without a trial. [(Case 08-13514 DHS is appeal in District Court on October 16, 2009). Attach the brief for Appellant.]

4. Case Number: 2:08-CV-4746 (ksh). **Plaintiff has unassailable proof that Audrey L. Storch plagiarized her work.** All the Plaintiff requests is that the court examine her evidence. If they do so, her case against Ms. Storch can absolutely be proven. Copyright documents will show that **the exact same book that Ms. Storch allegedly wrote had been previously copyrighted by the Plaintiff,** Ping Yip (Winnie). How could Judge Hayden still refuse to acknowledge this proof?

5. On more than one occasion, Audrey L. Storch confronted the Plaintiff outside the Court building, warning her to drop the case, and claiming that, because she

2

knew someone inside the court,    the Plaintiff would never be able to win a case against her. She also stated that no matter how compelling the evidence against her, the judge will only rule in her favor. At first the Plaintiff did not believe this could be true. But now, after watching the court repeatedly ignore her evidence, the Plaintiff is not so sure.

6. On September 28, 2009, the court "FURTHER ORDERED" that, no later than October 13, 2009, the plaintiff shall file an Amended Complaint against "Hugs to Go" that sets forth the facts that provide a basis to assert that it has violated the patent laws by selling the books covered by the patent and describes the proof upon which the plaintiff will rely to support this assertion."

7. On October 8, 2009 Plaintiff's Amended Complaint included details and facts showing Hugs to Go had violated the patent and Copyright laws by selling the books covered by the patent and Copyright. [See the Amended Complaint, On October 8, 2009 (Attach transcript of phone conversation of May 2008, the purchase order by Jennifer C. Haughey on May 10, 2009 and Audrey L. Storch arranged the books to be sold to customers through Hallmark Gift Lane after her first company JAAM'LLC filed for bankruptcy)].

8. On October 15, 2009 Judge Katharine S. Hayden's "ORDER" claimed Plaintiff has only "one additional opportunity to file an Amended Complaint against "Hugs to Go because of her pro se status with the detail described in the Order dated September 28, 2009." "Failure to submit an Amended Complaint by October 27, 2009 with the detail set forth herein as required by Twombly will result in a dismissal of the claims against defendant Hugs to Go."

ARGUMENT

In Case 06-5032(KSH), Judge Hayden denied Defendant, Audrey L. Storch, to be enjoined in the case for the reason that Ms. Storch "is not a party in this case." In Case 08-2370(SDW), Judge Wigenton upheld the previous judge's ruling, and barred the Plaintiff's motion against Ms. Storch.

In Case 08-13514(DHS), JAAM'LLC Committed Bankruptcy Fraud, Judge

3

Steckrotrh once more upheld the previous judge's ruling.

In Case 2:08-CV-4746 (ksh), the current case, Judge Hayden still refuses to accept the fact that Audrey L. Storch is plagiarizing the

Plaintiff's work, and deceiving The United States Copyright office. What is the reason the Plaintiff is not being allowed to prove her case against defendant Audrey L. Storch? Where is the justice?

PLAINTIFF AMENDED COMPLAINT AND REQUESTS

1. From October 19, 2006, until the present date, District Court did not have any adjudication for either the JAAM'LLC or the HUGS TO GO case, and Audrey L. Storch as an individual Author who plagiarized Plaintiff's work. Based on the Rule 4:30A (1) General Principles, and the facts, **Plaintiff Requests a Judgment to Distinguish Between the Four Copyrights.**

2. Since 1999, Defendant Audrey L. Storch's companies, JAAM'LLC, and 'Hugs to Go' LLC, have tricked kindhearted people by promising them that when you purchase a Huggee Miss You Doll the money will be donated to charity: "when a Huggee Miss You Doll is purchased and then donated to a charity or individual of their or Huggee's choosing". Plaintiff requests the Defendant to disclosure how much money she has actually collected and given to charities, and how much money she has made from this Doll. (See the commercial of "HuggeeMissYou Doll")

3. According to the Rule 4:30A (1) General Principles, Plaintiff requests JAAM'LLC to be re- joined to Case Number: 2:08-CV-4746 (ksh), Audrey L. Storch must be punished by the law.

4. Plaintiff requests the Court to follow court procedures and allow a trial to go forward in order to distinguish the true copyrights. (these four copyrights have been submitted numerous times to the Court).

Respectfully submitted

Ping Yip (Winnie)

# Please Pardon Our Appearance

# To Order Your Huggeemissyou Doll Contact:

Customer Service at: 973.650.5793
astorch@huggstogo.com

and/or Giftland Hallmark
43 Preakness Ave.
Wayne, NJ 07470

973.694.5529
ask for Joan or Bob

### OPERATION GIVE-A-HUG

Hugs To Go with your help has been linking deployed loved ones with the loved ones left behind. To help support your troops and their families just click on operationgiveahug.org to learn how. Thank you for your support.

Give a hug to anyone you love for only $19.95 - while supplies last Our GIVE-A-HUG Program is a wonderful way for a Company to donate and promote good-will. Individuals are also welcome to join! GIVE-A-HUG happens when a Huggee Miss You Doll is purchased and then donated to a charity or individual of their or Huggee's choosing. The donation can be made in honor or memory of someone. A GIVE-A-HUG certificate is enclosed for the recipient to read and learn of the donation. If the donor wishes, their name and address are included for the recipient to correspond with.

S&H is $5.50 for 1st doll, $3.50 for 2nd doll and $2.50 for 3rd and $1.50 for any more if all are going to same location.

Huggee Miss You Doll can be purchased for $19.95 - while supplies last. Quantity pricing

is available upon request.

To Order.. call the number above.



UNITED STATES COPYRIGHT OFFICE

THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
RE **VAu 557 - 895**

EFFECTIVE DATE OF REGISTRATION
6 - 24 - 2002
Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**TITLE OF THIS WORK ▼**
OLD MacDONALD'S FARM

**NATURE OF THIS WORK ▼** See Instructions
PLUSH PLACEMAT

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give    **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**a** **NAME OF AUTHOR ▼**
AUDREY L. STORCH

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[X] No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ US
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? [ ] Yes [X] No
Pseudonymous? [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
[X] 3-Dimensional sculpture    [ ] Map    [ ] Technical drawing
[X] 2-Dimensional artwork    [ ] Photograph    [ ] Text
[ ] Reproduction of work of art    [ ] Jewelry design    [ ] Architectural work

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
[ ] 3-Dimensional sculpture    [ ] Map    [ ] Technical drawing
[ ] 2-Dimensional artwork    [ ] Photograph    [ ] Text
[ ] Reproduction of work of art    [ ] Jewelry design    [ ] Architectural work

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

[ ] Reproduction of work of art    [ ] Photograph    [ ] Technical drawing
[ ] Text

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Audrey L. Storch
P.O. BOX 2130
Wayne, NJ 07470-7130

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
FUNDS RECEIVED
DO NOT WRITE HERE

See instructions before completing this space.

**MORE ON BACK ▶**    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

# Copyright
United States Copyright Office

**Help     Search     History     Titles     Start Over**

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Old MacDONALD's Farm
Search Results: Displaying 10 of 98 entries





*Old MacDonald's Farm.*

**Type of Work:** Visual Material
**Registration Number / Date:** VAu000557895 / 2002-06-24
**Title:** Old MacDonald's Farm.
**Description:** Print on fabric.
**Notes:** Placemat.
**Copyright Claimant:** Audrey L. Storch
**Date of Creation:** 2001

**Names:** Storch, Audrey L.

**Save, Print and Email (Help Page)**
Select Download Format | Full Record      Format for Print/Save
Enter your email address:                    Email

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

3/27/2008 4:53 PM



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VAu 701-286

EFFECTIVE DATE OF REGISTRATION

| 5 | 30 | 06 |
|---|----|----|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

The Singing ABC Book

NATURE OF THIS WORK ▼ See instructions

Cover and content images and sounds

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**a**

NAME OF AUTHOR ▼

Audrey L. Storch

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☒ No
Pseudonymous?    ☐ Yes    ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☐ No
Pseudonymous?    ☐ Yes    ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
2002 ◀ Year    This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Month ▶ *Aug.    Day ▶ 15    Year ▶ 2003
USA ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Audrey L. Storch
P.O. Box 2130
Wayne, NJ 07470-2130

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 3 0 2006
ONE DEPOSIT RECEIVED
MAY 3 0 2006
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

JPM00474

# CERTIFICATE OF REGISTRATION



**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**TXu 1-059-189**

**EFFECTIVE DATE OF REGISTRATION**

Month **8** Day **24** Year **01**

OFFICIAL SEAL

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK ▼**
OLD McDONALD'S FARM

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**2**

**a**

**NAME OF AUTHOR ▼**
WAI YIP INT'L CORP.

**DATES OF BIRTH AND DEATH**
Year Born ▼ **1955**   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ **USA**
Domiciled in ▶ **USA**

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
ENTIRE CONTENTS OF TEXT  ILLUSTRATIONS AND COMPILATION

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
**2001** ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶    Day ▶    Year ▶    ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
WAI YIP INT'L CORP
58 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
AUG 24 2001

ONE DEPOSIT RECEIVED
AUG 24 2001

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY

CHECKED BY

☑ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

* Amended by CO per authority of phone call with
Nancy Rispoli of Joel & Joel LLP on October 30,
2002.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶                **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                         Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

JOEL & JOEL, LLP
RICHARD A. JOEL, ESQ.
496 KINDERKAMACK ROAD
ORADELL, NJ 07649

b

Area code and daytime telephone number ▶ 201-599-0588                    Fax number ▶ 201-599-0179

Email ▶ RJOELSR@ATT.NET

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  WAI YIP INT'L CORP.
        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

WINNIE YIP                                                    Date ▶ 8/14/01

        Handwritten signature (X) ▼

        X _Winnie Yip_

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
RICHARD A. JOEL, ESQ.

Number/Street/Apt ▼
496 KINDERKAMACK ROAD

City/State/ZIP ▼
ORADELL, NJ 07649

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order
   payable to Register of Copyrights
3. Deposit material

As of
July 1,
1999,
the
filing
fee for
Form TX
is $30.

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—200,000
WEB REV: June 1999

⊕ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/49



This certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



Register of Copyrights, United States of America



FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TXu 1-123-585

EFFECTIVE DATE OF REGISTRATION

5    17    02

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
ABC

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION

**2a** NAME OF AUTHOR ▼
WAY OF LIFE CORP.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

AUTHOR'S NATIONALITY OR DOMICILE

NATURE OF AUTHORSHIP  Entire CONTENTS of CHART

NOTE

**2b** NAME OF AUTHOR ▼

**2c** 

**3a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED

**3b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK

APPLICATION RECEIVED
MAY 17 2002

**4** COPYRIGHT CLAIMANT(S)

10 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

EXAMINED BY _____ TUSCHA
CHECKED BY _____

☐ CORRESPONDENCE
Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5** PREVIOUS REGISTRATION

**6** DERIVATIVE WORK OR COMPILATION
a. Preexisting Material
b. Material Added to This Work

**7** DEPOSIT ACCOUNT
a. Name
b. CORRESPONDENCE
JOEL & JOEL, LLC
RICHARD A. JOEL, ESQ
494 KINDERKAMACK ROAD
ORADELL, NJ 07649
Area code and daytime telephone number ► 201-599-0588
Fax number ► 201-599-0199
Email ► RJOEL@AST.NET

**8** CERTIFICATION
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of WALMÉ INFO CORP.

Typed or printed name and date ►
WINNIE YIP
Date 05/09/02

Handwritten signature (X) ►
X William A. Joel

**9** Certificate will be mailed in window envelope to this address:
Name ►
RICHARD A. JOEL, ESQ
Number/Street/Apt ►
490 KINDERKAMACK ROAD
City/State/ZIP ►
ORADELL, NJ 07649

No._____

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

APPELLATE DIVISION

Ping Yip (Winnie)

Plaintiff- Appellant

On Appeal from the United States Bankruptcy Court District of New Jersey.

Honorable Donald H. Steckroth, Presiding

No. 0813514DHS

Brief for Appellant

Ping Yip (Winnie)

58 West Saddle River Road

Saddle River NJ 07458

Telephone: 201-316 6270

Facsimile: 201-995 0839

2009 OCT 16  A 10: 48

U.S. DISTRICT COURT

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................2

TABLE OF AUTHORITIES...........................................................3

JURISDICTION STATEMENT......................................................5

ISSUES ON APPEAL....................................................................6

STATEMENT OF CASE................................................................8

    A. Nature of the Case.............................................................8

    B. Background information...............................................   10

STATEMENT OF FACTS............................................................16

    I.  JAAM, LLC...................................................................16

    II. HUGS TO GO, LLC........................................................16

SUMMARY OF ARGUMENT.....................................................18

    A. Bankruptcy Court Erred that ignore the evidence...................17

    B. Bankruptcy Court Erred that disregard Bankruptcy Law...........19

    C. Bankruptcy Court Erred when it did not order the Trustee to

       Report where all the property went.....................................19

CONCLUSION...........................................................................20

# TABLE OF AUTHORITIES

<u>Cases</u>

<u>Field et al. v. Mans</u>

    (94-967), 516 U.S. 59 (1995)        6


<u>United States of America v. George I. Benny</u>       7

    786 F.2d 1410


<u>Robert B. Wilson, John C. Sims, Lubbock, Tex v. James V. Hoeiner,</u>

<u>Austin, Tex</u>

    2d 1461, Bankr. L. Rep. P71, 853       7


<u>United States of America v. David Strauch</u>

    59F. 3d 177 NOTICE       17


<u>Cohen v. De la Cruz (96-1923)</u>       18

    106 F. 3d 52, affirmed


<u>Archer v. Warner (01-1418)</u>       18

538 U.S. 314 (2003)

## Statutes and Rules

Bankruptcy Laws 18 U.S.C. Sections 152,157     5, 19

Title 17 Chapter 5 § 506 Criminal offenses 3e

Rule 11 U.S.C.704     12, 14,

18 U.S.C. Section 371

11 U.S C. § 523     5, 6

11 USC § 727     5

Rule 11 USC § 521 (2)(B).     12

5-10 3.1.3 Common Fraud schemes involving Bankruptcy   19

## JURISDICTIONAL STATEMENT

This is an appeal of the Final Decree, dated September 21, 2009. This notice of appeal has been timely filed on October 15, 2009. The judge in this case, Hon. Donald H. Steckroth, only listened to the Trustee's side (TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.; Trustee of Case number 0813514DHS) and ignored the facts of the case. (Jurisdiction founded less than 18 U.S.C. Section 152, and 157. Appellate jurisdiction lies in this court under 11 USC § 727. 11 U.S.C. 523).

## ISSUES ON APPEAL

1.  The debtor, Audrey L. Storch, Knowingly transferred her part of the inventory and remaining funds to her new company "Hugs to Go, LLC", and fraudulently filed bankruptcy for JAAM, LLC. The evidence very clearly shows that Ms. Storch attempted to avoid an infringement lawsuit, and concealed the money she made from an infringed patent and two copyrights. Was it lawful to have "Parallel Entities"?

    The preponderance of the evidence shows JAAM, LLC made about a million dollars in sales, and a profit of about a half million dollars just from the books Audrey L. Storch stole from the Plaintiff. JAAM'LLC obtained this money from infringed copyrights and patents. Rule 523(a) (2) (A). How can Audrey L. Storch be able to obtain this money by "actual fraud" and not be punished by law? Field et al. v. Mans (94-967), 516 U.S. 59 (1995) (Exhibit 1 same book two copyrights, and part of JAAM'LLC sold books record)

2.  Joseph J Newman, Chapter 7 Trustee for JAAM'LLC, should be impartial in this case and follow the rules. Ping Yip has requested the debtor's official statement, but the Trustee has refused to give it to her. The Trustee complains that they have lost money because of the

expenses incurred answering Ms Yip's request. This is not Ms. Yip's

concern. The Trustee is required by law to give her whatever

documents she is entitled to.

3. Did creditors have the right to be informed about pertinent financial

and business information of the debtor, Audrey L. Storch, JAAM,

LLC, and Hugs to Go, LLC?

4. The "Individual Estate Property Record and Report Asset Cases",

which Ms. Yip received from the Trustee, shows that some properties

were sold, and some were not, and that some properties had unknown,

or net, values. Where are these properties that have not been sold?

Who has these properties?

5. Does Ms. Storch have the right to continue using these properties?

6. Does the Trustee have the right to refuse to answer Ms. Yip's

questions, and can the Bankruptcy Court judge also refuse to respond

to Ping Yip's reasonable requests?

7. Does the Bankruptcy Court have the right to exclude evidence, and

prohibit witnesses from testifying in court, evidence which can prove

that after JAAM, LLC filed bankruptcy, Audrey L. Storch continued

(and is still continuing) to sell the same JAAM'LLC products. United

States of America v. George I. Benny 786 F.2d 1410

8. Is Ms. Storch not reporting these products from the bankruptcy court,

or has she bought back these products herself from the auction?

<u>Robert B. Wilson, John C. Sims, Lubbock, Tex v. James V. Hoeiner,</u>

<u>Austin, Tex</u> 2d 1461, Bankr. L. Rep. P71, 853

## STATEMENT OF THE CASE

A.    <u>Nature of the Case</u>

In 2001, Audrey L. Storch, the owner of JAAM, LLC, was ordering

the (patented and copyrighted) books from creditor Ping Yip (Winnie).

When she saw that the books were selling very well, she compelled Ping

Yip to sign an "Exclusivity Agreement", and declared that if Ping Yip

refused to sign this Agreement, she would not pay the money she owed

her from the last order. Ping Yip rebuffed this unreasonable demand. Ms.

Storch then proceeded to register another copyright using the same book

Ping Yip had made. Audrey L. Storch told everyone in the toy business

that the books were her books, and showed them a fake copyright

document, plagiarized from Ms. Yip's book. This made it very difficult

for Ms. Yip, the Plaintiff, to sell her books because no marketing

company wants to promote products which have two conflicting

copyrights on them. They don't know which one is the real one. Some

buyers, after speaking with Ms. Storch, even came to the Plaintiff's booth

to censure her for stealing Audrey L. Storch's book.

JAAM, LLC made about a million dollars in sales, and a profit of

about a half million dollars from the sale of Ms. Yip's books: **this money**

**was obtained by "actual fraud".** In September, 2004, Ping Yip filed a breach of contract action in the Passaic Superior Court of New Jersey, Special Civil Part, for the money, equaling $4,010.50, which JAAM' LLC owed Ping Yip's Company "Wai Yip Int'L Corp", for the last order JAAM' LLC had received.

In her answer to the Plaintiff's complaint, Audrey L. Storch fabricated a false Counterclaim against Ping Yip, which stated that the books are her books. Because this case comprised the issue of "intellectual property rights", Passaic Superior Court dismissed the matter, and referred it to the District Court.

On October 19, 2006,  "Wai Yip" filed a complaint in the United States District Court District of New Jersey against JAAM'LLC, claiming infringement upon Ping Yip (Winnie)'s patent and copyright.

In February of 2008, Audrey L. Storch, in an attempt to avoid an infringement lawsuit, purposely committed an unlawful infraction by filing a fraudulent bankruptcy for JAAM'LLC. Before she filed, she registered a new company, "Hugs to Go, LLC", into which she transferred part of her inventory, and her remaining funds. In spite of claiming bankruptcy, she has continued selling the same products at "Hugs to Go, LLC".

9

## B. <u>BACKGROUND INFORMATION</u>

1. In December 2007, Audrey L. Storch started a new company called "Hugs to Go, LLC".

2. From December 2007 through February 2008, Audrey L. Storch successfully transferred her part of the inventory and remaining funds to her new company Hugs to Go, LLC. (If Ms. Storch had not transferred her part of the inventory, she would not have the same products to sell.)

3. On February 29, 2008, Audrey Storch filed for Chapter 7 Bankruptcy. After Audrey Storch filed for Bankruptcy, she continued running her business, using both companies. (Evidence has been submitted to the Court and Trustee) (Exhibit 2: Both companies selling same products).

4. When JAAM, LLC filed for Chapter 7 Bankruptcy, it never gave notice to its creditor, Ping Yip. Ms. Yip did not discover this information until May 17, 2008. By this date, it was already too late to stop the Trustee's Auction, in which JAAM'LLC sold copyrighted and patented products that lawfully belonged to Ping Yip.

5. On May 20, 2008, Ping Yip went to the District Court to request a discontinuation on the Auction sale of her books. She had a hearing on May 21, 2008. The District Court told Ping Yip that she had to file an objection to the Bankruptcy court.

6. On May 22, 2008, Ping Yip filed a "motion to object" in Bankruptcy Court, claiming   JAAM'LLC committed Bankruptcy fraud, and was denied by Honorable Donald H. Steckroth for the reason of "lack of prosecution". By law, Ping Yip was allowed self-representation in court.

7. On June 24, 2008, Ping Yip filed a motion for relief from the "automatic stay"   to pursue a District Court action.

8. On July 30, 2008, Honorable Donald H. Steckroth, believing JAAM'LLC had obtained the money through "actual fraud", granted the Plaintiff's motion for relief from automatic stay.

9. On August 7, 2008, Ping Yip filed a Motion to support JAAM, LLC Bankruptcy fraud.

10. Honorable Donald H. Steckroth denied Ping Yip's Motion with an instruction to let Trustee to do the job.

11. On September 23, 2008,   Ping Yip followed Honorable Donald H. Steckroth's instructions in submitted evidence to the Trustee, evidence which proved that JAAM' LLC had made close to one million dollars in book sales, and sales of "Hugee Miss You" dolls. Ping Yip reported her findings to the Trustee and requested him to investigate where the money went. The evidence Ms. Yip submitted clearly shows JAAM' LLC obtained this money by fraud.

11

12. On January 20, 2009, the Trustee made a final report stating JAAM, LLC reported to the Trustee its entire inventory. Ping Yip has sufficient evidence to show that JAAM, LLC only reported some of its inventory. In addition, Audrey L. Storch did not report any of the profits that JAAM, LLC made.

13. The Trustee's final report did not have any financial and business information about Audrey L. Storch's companies, or about the inventory and unknown properties. Facts such as who purchased these properties, and why Audrey L. Storch is still selling the same product using her new company "Hugs to Go, LLC". Doubting the accuracy of the report, on January 28, 2009, Ping Yip filed a motion requesting the Trustee to fulfill his duties following Rule 11 USC & 704 and 521 (2)(B).

14. On March 31, 2009, Joseph J. Newman, the Chapter 7 Trustee, filed an objection to Ping Yip's motion to request Trustee to perform his duties, and refused to give any financial and business information about Audrey Storch's companies. **Ping Yip, being a creditor has the right to request said information.**

15. Trustee insisted that he did his job in that he had sought all "intellectual property" information of the Debtor, including trademarks, copyright, domain names, copies of the Debtor's books and records, Audrey Storch's Social Security Number, etc. He also

submitted a contradictive certification made by Bob Mizrachi, the owner of Hallmark Gift Land, in Wayne, NJ. On October 24, 2008 Bob Mizrachi said there had been no sales of Plaintiff's books since April, 2008, and that there were none of these books left in their inventory. But on March 26, 2009, he changed the certification, stating that they **do** have inventory that was purchased before 2008. **Both certifications are not true.** Evidence proves that Hallmark Gift Land ordered these products during the month of May, 2008 (Exhibit 4).

16. Trustee ignored all of the evidence Ping Yip submitted regarding Audrey L. Storch's commitment of "actual fraud," "Parallel Entities," and "Straw Sales". Trustee could not give a reasonable explanation as to why Audrey Storch opened a new company "Hugs to Go, LLC" in the same industry just prior to JAAM, LLC's bankruptcy. He also could not justify why she was able to successfully transfer her part of the inventory, receivables, monies, and customers to her new company.

17. On April 7, 2009, Honorable Donald H. Steckroth denied Ping Yip's motion to request Trustee to perform his duties with no explanation. Adhering to the rule of Court that "any objection to the Trustee's final report and account must be filed seven days prior to the hearing day" (07/01/09), Ping Yip filed an objection on June 5, 2009 requesting

13

that case number 0813514DHS not be closed and that Audrey L. Storch should submit documentation indicating the number of JAAM, LLC's imported products as well as the number of products that they have sold (following Rule 11 U.S.C.704). Plaintiff requested a trial to seek fair judgment to validate the powers and purposes of United States laws in assisting its citizens against unlawful perpetrators.

18. In the July 1, 2009, hearing, Ping Yip presented valid evidence, including witness certifications, but Trustee stuck to his unproven belief that the products Hallmark sold were pre-petitioned.

19. There is no reason why the Trustee should refuse to accept the evidence provided, evidence which proves that Audrey Storch's use of Hugs to Go, LLC in selling products identical to those from JAAM, LLC, was illegal.

20. It is not fair to Ping Yip, as well as to other creditors, that Honorable Donald H. Steckroth only believes the Trustee.

21. On August 7, 2009, Ping Yip filed a motion requesting a Trial to Seek Fair Judgment.

22. September 9, 2009, Trustee sided with Audrey Storch as he filed a motion to bar Ping Yip from filing any further motions or pleadings, and imposing sanctions against Ms. Yip.

23. Trustee complained that they lost money in this case because Ping Yip requested the Trustee to fulfill his duties.

14

24. During the September 15, 2009, hearing, Trustee emphasized that, because the evidence Ms. Yip has produced cannot be called "evidence," this case should be immediately closed.

25. This is obviously not true. **The Plaintiff's evidence is solid and valid, and needs to be looked at objectively by the court.**

26. Audrey L. Storch also lied in court, alleging that Ms. Yip stalked her. This is a completely made-up story. Phone conversations with Ms. Storch (recorded by Plaintiff's witnesses) also prove that the products in question are currently able to be purchased over the phone.

27. On September 15, 2009, Honorable Donald H. Steckroth, following the Trustee's instruction, denied Ping Yip's motion "Request for a Trial to Seek Fair Judgment".

28. On the morning of September 15, 2009, Ping Yip filed a motion requesting to remove "Trenk Dipasquale" as Trustee from this case, and requesting that Audrey L. Storch submit documentation of financial information involving both her companies.

29. Stating that "cross motion" bars Ms. Yip from filing any further motion or pleadings, this motion has been barred by the Trustee.

30. JAAM'LLC CASE No. 0813514DHS Closed; Entered: September 21, 2009. Satisfied with Trustee's final report, the Judge refused to accept the evidence Ms. Yip has submitted.

STATEMENT OF FACTS

I   JAAM, LLC

In 1999, debtor Audrey L. Storch started a family business with her husband which was called JAAM'LLC. In the same year, Audrey L. Storch came to Plaintiff Ping Yip asking her to manufacture her "Huggee Miss You Doll." The Plaintiff manufactured this doll for Ms. Storch in her factory in China and had them shipped to JAAM'LLC. In 2001, debtor ordered some of Plaintiff's patented and copyrighted books. When she saw that they were selling very well, she decided to compel Ping Yip to sign an Exclusivity Agreement, but Plaintiff refused to sign such an Agreement. Audrey L. Storch did not paid the money she owed Plaintiff from her last order, $3,668.80, and registered another copyright for the same book that she had ordered from Ping Yip.

After Ping Yip found her book had been plagiarized by Audrey L. Storch, she filed the complaint request for a fair judgment for her damages. Audrey L. Storch (owner of JAAM, LLC) knowingly transferred her part of the inventory and remaining funds to her new company Hugs to Go, LLC, and fraudulently filed bankruptcy for JAAM, LLC.

II   Hugs to Go, LLC

In November 2007, Audrey L. Storch started a new company," Hugs

16

to Go' LLC". In February 2008, Audrey L. Storch filed bankruptcy for JAAM'LLC. From March 2008 onward, she was using "Hugs to Go' LLC" to sell the books as well as her other products. On May 10, 2008 she sold an "ABC" book (the Plaintiff's copyrighted and patented creation) to Jennifer C. Haughey, and arranged the books to be sold to customers through Hallmark Gift Lane after her first company JAAM'LLC filed for bankruptcy. (Exhibit 4 transcript of phone conversation of May 2008).

In the Trustee's Final Report, Form (1), many "unknown value assets" are listed. One of these "unknown value assets" is the "Huggee Miss You Doll's" copyright license. If this license did not sell at auction, the Trustee is required by law to let the creditor (Ms. Yip) know, and give her the opportunity to purchase this license herself, if she so wishes to. Although Ping Yip has filed numerous motions to compel the Trustee to give her detailed information about this auction, the Trustee has thus far refused to comply.

Audrey L. Storch and "Hugs to Go, LLC" are still using this license and selling "Huggee Miss You Doll" illegally.

<u>United States of America v. David Strauch</u> 59F. 3d 177 NOTICE.

17

# SUMMARY OF ARGUMENT

## A. Bankruptcy Court Erred by Ignoring the Evidence

Clear and convincing evidence shows that "JAAM, LLC" made about a million dollars in sales, and profits of about half a million dollars, from the books Audrey L. Storch stole. "JAAM'LLC" obtained this money fraudulently from an infringed copyright and patent. Rule 523(a) (2) (A) Case COHEN v. de la CRUZ (96-1923) states: "Once it is established that specific money or property has been obtained by fraud, however, any debt arising therefrom is accepted from discharge." ARCHER V. WARNER (01-1418) 538 U.S. 314 (Exhibit 1 same book two copyrights, and part of JAAM'LLC sold books record).

The bankruptcy court listened only to the Trustee, and the Trustee ignored the truth in order to protect Audrey L. Storch. The Bankruptcy court never gave any reason why JAAM'LLC filed for bankruptcy. Ms. Storch should have reported all her Assets and inventory to the Bankruptcy Court, but "Hugs to Go, LLC" still have the products to sell during the same time period when she filed for JAAM'LLC Bankruptcy.

The Trustee's Final Report, Form (1), shows some "unknown value assets." Where are those assets now? The Trustee does not want to let the creditor know anything about "JAAM'LLC's" financial status. Trustee complains that they lost money during this investigation, so they want to discharge and close the case.   (Exhibit 3 unknown value assets)

## B. Bankruptcy Court Erred When it Disregarded Bankruptcy Law

The debtor Audrey L. Storch knowingly transferred her part of the inventory and remaining funds to her new company "Hugs to Go' LLC", and fraudulently filed bankruptcy for "JAAM, LLC." This action is falls under  Bankruptcy Fraud "Parallel Entities" (Chapter 5-10: Common Fraud Schemes Involving Bankruptcy. 5-10. 3.1.3).

Evidence shows that "Hugs to Go' LLC" continues selling products identical to those from "JAAM, LLC", and Audrey L. Storch arranged the books and other JAAM products to be sold to customers through Hallmark Gift Lane during the same period when JAAM'LLC filed for bamkruptcy. This strongly proves that Audrey L. Storch commited Bankruptcy fraud. 18 U.S.C. § 152(5)(6). (Exhibit 5: Audrey L. Storch arranged to sell the books through other companies. ("Transcript of phone conversation" Page 5, line 23 to Page 6 line 8, Page 22, line 4 to 5, and Page 25, line 2 to Page 26 line 10).

## C. Bankruptcy Court Erred when it did not Order the Trustee to Report Where All the Property Went. Also, where the "unknown values assets" went. The creditor has the right to know, and the right to bid.

## CONCLUSION

For the foregoing reasons, Ping Yip (Winnie) respectfully requests that the Court reverse the Bankruptcy Court order denying Ping Yip (Winnie)'s Motion for Fair Judgment and closing the case without a trial. Ping Yip requests that JAAM'LLC's fraudulently obtained monies be "nondischargeable".

Respectfully submitted on this 15th day of October, 2009.

Ping Yip (Winnie)

20