U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

2009 NOV 20  A 10: 15

## DISTRICT OF NEW JERSEY

### APPELLATE DIVISION

On Appeal from the United States District Court District of New Jersey. Judge Katharine S.Hayden Civil Action No. 08-4746 (KSH)

November 19, 2009

Ping Yip
58 West Saddle River Road
Saddle River NJ 07458
201-316 6270
Ping Yip (Winnie)

Plaintiff- Appellant

Vs.

JAAM, LLC
Audrey L. Storch
Defendant- Appellee
P.O. Box 2130 Wayne NJ 07470-2130
Or
8 Mayfair Drive, Wayne, NJ 07470

### NOTICE OF APPEAL

Notice is hereby given that Plaintiff Ping Yip (Winnie) in the above-captioned case, hereby appeals, pursuant to New Jersey Rules of Appellate Procedure, Rule 3, to the Appeals Court. Plaintiff requests that the Court reverse District Court Judge Hayden's order limiting claims against Hugs to Go'LLC and precluding Plainitiff's claims against Defendant JAAM'LLC and Ms. Storch. Audrey L. Storch failed to prove "how the work is done, [whether] the work [has] been done at the employer's location, and [whether or not she] provided equipment or other means to create [the] work." Ms Storch cannot prove she is the creator of these two books, and how she could be a "work for hire" employee. [Copyright Law "Works Made for Hire Under the 1976] Ms Storch should be held responsible for the action of infringement.

1

JAAM'LLC, manufactured a large number of the Plaintiff's Patented and Copyrighted books, had about a million dollars in sales, and made a profit of about half a million dollars from the sale of Ms. Yip's books. Under sections 503, 505, and 510, and 17 USC §1203 (b) (c), §1204 (a)Plaintiff has the right to request remedies to include impounding and disposition of infringing articles, actual damages and profits, and statutory damages.

Respectfully submitted

Ping Yip (Winnie) Pro se

November 19, 2009

2

U.S. DISTRICT COURT

2009 NOV 20  A 10: 16

## CERTIFICATE OF SERVICE

I, Ping Yip, hereby certify that on this 20th day of November 2009, a true

and correct copy of the foregoing "Notice of Appeal", was filed with the

court and served by Certified Mail to United States District Court of New

Jersey. Judge Katharine S. Hayden, and Audrey L. Storch the owner of

JAAM'LLC at 8 Mayfair Drive, Wayne, N.J. 07470.

Ping Yip (Winnie) Pro se

November 20, 2009



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**
NEWARK NJ 0710

| | | |
|---|---|---|
| Postage | $ $2.58 | 0723 |
| Certified Fee | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.38 | 11/20/2009 |

Sent To: *United States District Court Judge Katharine S. Hayden*
Street, Apt. No.; or PO Box No. *50 Walnut street*
City, State, ZIP+4 *Newark NJ 07101*

PS Form 3800, August 2006          See Reverse for Instructions

7008 3230 0003 3761 0669

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**
WAYNE NJ 0747

| | | |
|---|---|---|
| Postage | $ $2.41 | 0723 |
| Certified Fee | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.21 | 11/20/2009 |

Sent To: *Andrey L. Storch, IAAM*
Street, Apt. No.; or PO Box No. *8 Mayfair Drive*
City, State, ZIP+4 *Wayne NJ 07470*

PS Form 3800, August 2006          See Reverse for Instructions

7008 3230 0003 3761 0577

No._____

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

APPELLATE DIVISION

Ping Yip (Winnie)

Plaintiff- Appellant

On Appeal from the United States District Court District of New Jersey.

Judge Katharine S. Hayden

Civil Action No. 08-4746 (KSH)      Defendants Audrey L. Storch et al

# Brief for Appellant

Ping Yip (Winnie)

58 West Saddle River Road

Saddle River NJ 07458

Telephone: 201-316 6270

Facsimile: 201-995 0839

E-Mail: Yip510@aol.com

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS…………………………………………………………….….2

TABLE OF AUTHORITIES…………………………………………………………..….3

JURISDICTION STATEMENT………………………………………………………….5

ISSUES ON APPEAL……………………………………………………………………6

STATEMENT OF CASE…………………………………………………………………8

Nature of the Case…………………………………………….….............................8

STATEMENT OF FACTS……………………………………………………………….9

    I   Audrey L. Storch

    II   Jaam' LLC

    III  Hug to Go, LLC

SUMMARY OF ARGUMENT……………………………………………………..….10

    A. District Court Judge Hayden erred in forcing Plaintiff to

       Remove Defendant Audrey L. Storch from this case

    B. District Court erred; Judge Hayden argues that Ms Storch is a "Work for

    hire" employee.

    C. District Court erred; Judge Hayden has no right to use her power

     Arbitrarily, rejecting all the evidence that plaintiff submitted.

    D. District Court erred; Judge Hayden refused to explain to Ms Yip why Ms Yip

    cannot sue Audrey L. Storch and JAAM'LLC for infringing her rights.

BACKGROUND INFORMATION………………………………………………….……11


CONCLUSION……………………………………………………………………….…..15

TABLE OF AUTHORITIES

Cases

HBO Entertainment Company, L.P. v. Peter Pan Industries, etc; et al

97 Civ. 3535(MTB)...................................................................6


Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Company,
Incorporated; Dan chase

United States Court of Appeals, Fourth Circuit,-74 F. 3d 488...........................8


Feltner v. Columbia PicyuresTelevision, Inc.

(96-1768) 106 F.3d 284....................................................................8


N.a.s. Import, Corporation, Plaintiff, alention, Ltd v. Chenson Enterprises,Inc,;
Shuin Chen (a/k/a Margaretchen) and Ken Lee, 968F.2d 250...........................8


Bmg Music, et al; v. Cecilia Gonzalez 430 F. 3d 888...................................8


Peter Pan Fabrics, Inc; and Henry Glass & Co v. Jobela Fabrics, Inc 329F. 2d
194.....................................................................................8


Peer International Corporation, on Behalf of itself and Allothers Similarly Situated v.
Pausa Records, Inc; and Jack 909 F. 2d 1332].........................................8

## STATUTES AND RULES

Circular 9, Work- Made-For Hire under the 1976 Copyright Act.....5, 6, 10, 11, 15

Federal Rules of Civil Procedure Rule 20(2)………...…………………………5, 6

35 U.S.C.A. 271, 281, 283…………………………………………………………10

17 USC §407, 408………………………………………………………………..…10

17 §501 (b)………………………………………………………………….…………5

17 §503, 504, 510……………………………………………………………….…6, 8

17 §505………………………………………………………………………………..8

17 §506 (a) (1) (C), (2)(B)(c)……………………………………………………10, 11

17 §511(a) (b)……………………………………………………………….…5, 6, 7

17 USC §1202 (a) (b) (c)……………………………………………………….5, 10

17 USC §1203 (b) (c)……………………………………………….....................7

17 USC §1204(a)………………………………………………………………..….7

17 USC §1309(a) (b)…………………………………………………….…………6

17 USC § 1310(d) (e)…………………………………………………..……...6, 10

18USC § 2319…………………………………………………………………….11

Title 11 Chapter 5 §523(a)(2)(A)……………………………………………..6, 7

Rules Governing the Court of the State of New Jersey Rule 4:30……5, 11, 13, 14

## JURISDICTIONAL STATEMENT

This is an appeal of the Final Decree, dated October 29, 2009, Case No. 08-4746 (KSH). This notice of appeal has been timely filed on November 20, 2009. The judge in this case, Katharine S. Hayden, refused to join the three related Defendants, Audrey L. Storch and her two Companies, JAAM'LLC and Hugs to Go 'LLC into one case. (Federal Rules of Civil Procedure Rule 20(2), and Rules Governing the Court of the State of New Jersey Rule 4:30). Judge Hayden alleges Case No 06-5032(KSH) Wai Yip v. JAAM and Case No. 08-4746 (KSH) Ping Yip v. Audrey L. Storch et al are the same case, so she closed both cases. [Jurisdiction was founded under Copyright Law 17§ 501, 506, Federal Rules of Civil Procedure Rule 20(2), Title 17 Chapter 4. Appellate jurisdiction lies in this court under Copyright Law "Works Made for Hire Under the 1976 Copyright Act" – Who is the Author of a Work Made for Hire? Federal Rules of Civil Procedure Rule 20(2), 17 USC § 1202, 17§506, 17§511.]

ISSUES ON APPEAL

1.  In 2001, Audrey L. Storch ordered from the Plaintiff's patented and copyrighted children's sound books, "Old MacDonald's Farm" and "ABC". She took these books and fraudulently registered them as her own at the Copyright Office. Audrey L. Storch stated that she is the author of these Copyrights (see the Copyright Registration Space 2, if she works for JAAM'LLC, the name of the author should be JAAM'LLC, and the box marked "work-made- for-hire" should be checked "Yes".) **On the Certificate of Registration it clearly shows that the "Name of Author" is Audrey L. Storch, not JAAM'LLC. In the "This Is Work for Hire" box, Ms. Storch checked "NO." Obviously, Ms Storch is the owner of these fake Copyrights**, but Judge Hayden alleges that Audrey L. Storch cannot be sued because she is "work for hire," which, according to the Certificate of Registration, **is not true**. What is the reason Judge Hayden has chosen to ignore this obvious fact? [See HBO Entertainment Company L. P. v. Peter Pan Industries, etc;et al; 97 Civ. 3535 (MTB)]

2.  On the Certificate of Registration, it clearly shows that the "Name of Author" is Audrey L. Storch, not JAAM'LLC, and that Ms. Storch has sworn that she is the Author. [17 USC § 1310(d) (e) (g); Works Made For Hire Under the 1976 Copyright Act.]

3.  Audrey L. Storch, using her Company JAAM'LLC, manufactured approximately 60,000 to 100,000 "Old MacDonald's Farm" and "ABC" books, and about 20,000 "Happy Birthday" books, books that the Plaintiff had previously patented and copyrighted. JAAM'LLC made approximately a million dollars in gross sales, for a profit of approximately half a million dollars from the sale of Ms. Yip's books: **this money was obtained by "actual fraud"**. [17 USC §1309(a) (b), Title 11 Chapter 5 §523(a)(2)(A)]

4.  Why did Judge Hayden not allow Audrey L. Storch, the fake copyright Author, to rejoin Case No 06-5032(KSH)? She emphatically states that Audrey L. Storch is "Work for Hire" Case No 06-5032(KSH). Because Wai Yip's attorney handled the "Wai Yip Int'l Corp v. JAAM'LLC," case, Wai Yip does not have all

6

the information about this case. When Wai Yip's attorney left this case, he did not give notice to "Wai Yip Int'l Corp," or hand over the Court documents to Wai Yip.

5.  In December 2007, Audrey L. Storch started a new company called "Hugs to Go, LLC." This company continues to do exactly the same business JAAM'LLC used to do, and it continues to sell the Plaintiff's patented and copyrighted books (See Exhibit 3, Witness Testimony: in May 2008, Ms Yip's witness purchased these books from Audrey Storch.)

6.  On February 29, 2008, Ms Storch filed Chapter 7 Bankruptcy for JAAM'LLC to evade the penalty of Copyright and Patent infringement. According to Title 11 Chapter 5 Subchapter II §523(a) (2)(A) JAAM'LLC obtained money by "actual fraud." Therefore, JAAM'LLC should not be discharged from Bankruptcy.

7.  Ms Yip filed Case No. 08-4746 (KSH) as an individual U.S. citizen against the Defendants Audrey L. Storch, and her two Companies, JAAM'LLC, and Hugs to Go 'LLC. These three Defendants have infringed Ms Yip's Patent and Copyrights. Ms Yip requests the court to protect the Copyright owner's legal rights, The Court should give her the opportunity to cite the Law, and cases to support the complaint against Defendants Ms Storch and JAAM'LLC. Ms Ping has a basic constitutional right to present her case. [17 USC §1203 (b) (c), 17 USC §1204(a)]...

8.  Judge Hayden does not have the right to force Plaintiff to only "file an Amended Complaint limited to claims against Hugs to Go'LLC." (See September 29, 2009 and October 15, 2009 Judge Hayden's ORDER).

9.  According to Law [17 §511. Liability of States, instrumentalities of States, and State officials for infringement of copyright]: "Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity, for a violation of any of

7

the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section 602, or for any other violation under this title."

10. The previously stated law shows that Audrey L. Storch, and her two Companies JAAM'LLC, and Hugs to Go'LLC have no immunity from prosecution for Patent and Copyright infringement.

11. Plaintiff has the right to request a Trial by Jury to present her evidence. Plaintiff requests that the three related Defendants, Audrey L. Storch, JAAM'LLC, and Hugs to Go 'LLC, should be combined into one case. [Federal Rules of Civil Procedure Rule 20(2), Rules Governing the Court of the State of New Jersey Rule 4:30] [Superior Form Builders, Inc. v. Chase Taxidermy Supply Company, Incorporated; Danchase 74 F. 3d 488. C.Elvin Feltner, Jr; Petitioner v. Columbia Pictures Television, Inc. No. 96-1768]

12. Under sections 503, 505, and 510, Plaintiff has the right to request remedies to include impounding and disposition of infringing articles, actual damages and profits, and statutory damages, and costs and attorney's fees (Plaintiff had already paid thousands of dollars in attorney's fees from 2006 to 2008) [See N.a.s. Import, Corporation, Plaintiff, alention, Ltd v. Chenson Enterprises,Inc,; Shuin Chen (a/k/a Margaretchen) and Ken Lee, 968F.2d 250; Bmg Music, et al; v. Cecilia Gonzalez 430 F. 3d 888; Peter Pan Fabrics, Inc; and Henry Glass & Co v. Jobela Fabrics, Inc 329F. 2d 194; Peer International Corporation, on Behalf of itself and Allothers Similarly Situated v. Pausa Records, Inc; and Jack 909 F. 2d 1332]

## STATEMENT OF THE CASE

### Nature of the Case

In or about June 2001, Audrey L. Storch, the owner of JAAM, LLC, was ordering the (patented and copyrighted) books from Ping Yip (Winnie). When she saw that the books were selling very well, she compelled Ping Yip to sign an "Exclusivity Agreement", and declared that if Ping Yip refused to sign this

8

Agreement, she would not pay the money she owed her from the last order. Ping Yip rebuffed this unreasonable demand. Ms. Storch then proceeded to register another copyright using the same book Ping Yip had made. Audrey L. Storch told everyone in the toy business that the books were her books, and showed them a fake copyright document, plagiarized from Ms. Yip's book. This made it very difficult for Ms. Yip, the Plaintiff, to sell her books because no marketing company wants to promote products which have two conflicting copyrights on them. They don't know which one is the real one. Some buyers, after speaking with Ms. Storch, even came to the Plaintiff's booth to censure her for stealing Audrey L. Storch's book.

On October 19, 2006, "Wai Yip" filed a complaint in the United States District Court District of New Jersey against JAAM'LLC, claiming infringement upon Ping Yip (Winnie)'s patent and copyright. In February of 2008, Audrey L. Storch, in an attempt to avoid an infringement lawsuit, purposely committed an unlawful infraction by filing a fraudulent bankruptcy for JAAM'LLC. Before she filed, she registered a new company, "Hugs to Go, LLC", which began doing the same business as JAAM"LLC.

## STATEMENT OF FACTS

I    Audrey L. Storch

In 2000, Plaintiff Ping Yip invented children's sound books and, in particular, books having a fabric covering with sound chips. The books of the invention contain pictures and sounds that are attractive to babies and small children and create a mental association. In 2001 Ping Yip patented this invention, and copyrighted the art work, story and voice, singing for "Old MacDonald's Farm" and "ABC" books. Cheung Fung Tsang has his voice and singing recorded on the ABC book, and JianHua Fei is the illustrator in both books.

In 2001, Audrey L. Storch's Company JAAM'LLC ordered these books from Plaintiff. Ms Storch's used **exactly the same** "Old MacDonald's Farm" book, and "ABC" book .They were obviously copies of Plaintiff's book, with the

9

same animals (The ABC book only slightly changing some animals' looks), and she used the same voice and singing, and registered these books as her own with the Copyright Office. She shows the Certificate of Copyright to the buyers, and tells everyone these books are her original design. On Audrey L. Storch's "Certificate of Copyright Registration" she signed her name, and swore that she is the Author, **not "JAAM'LLC" or "Hugs to Go, LLC**," (Exhibit 1).

II   JAAM'LLC

Audrey L. Storch,  the owner of JAAM'LLC, manufactured a large number of the Plaintiff's Patented and Copyrighted books, had about a million dollars in sales, and made a profit of about half a million dollars from the sale of Ms. Yip's books. What is the reason Judge Hayden precludes Plaintiff from filing a claim against Ms. Storch and JAAM? Plaintiff did not see any documents explaining the reason. [Patent law 35 U.S.C.A. 271, 281, 283] (Exhibit 2 the infringement evidence of JAAM )

III   Hugs to Go'LLC

Hugs to Go'LLC, was started three months before JAAM'LLC filed Bankruptcy, and continues to do the same business. Evidence shows the owner of the company willfully sold these books to some of her customers in May, 2008. (Exhibit 3, Ms. Storch, the owner of Hugs to Go' LLC, personally handled the business transaction with my witness. **In May 2008, JAAM'LLC had already filed for Bankruptcy**.)

## SUMMARY OF ARGUMENT

A - District Court erred; Judge Hayden has no cause to force Plaintiff to Remove Defendant Audrey L. Storch from this case. Audrey L. Storch must be held responsible for intentionally and knowingly reproducing the artwork, design, voice-over, characterizations, story lines, and overall imagery of Plaintiff's works. Audrey L. Storch is the "Name of Author" in her "Certificate of Copyright Registration." **It is not a "work for hire" case.** [See17 USC § 1310(d) (e) (g); Works Made For Hire Under the 1976 Copyright Act. 17 §506, 17 USC §407, 408,

10

17 USC §1202 (a) (b) (c)]

B - District Court erred; Judge Hayden argues that Ms Storch is a "work for hire" employee. Audrey L. Storch, however, failed to prove "how the work is done, [whether] the work [has] been done at the employer's location, and [whether or not she] provided equipment or other means to create [the] work." [Copyright Law "Works Made for Hire Under the 1976 Copyright Act" Employer-Employee Relationship Under Agency Law, Part 1].

C - District Court erred; Judge Hayden has no right to arbitrarily use her power to reject all the evidence that Plaintiff has submitted. The United States Copyright Law clearly indicates that Audrey L. Storch committed a criminal infringement [17 §506 (c) Fraudulent Copyright Notice, (e) False Representation, 18USC § 2319]. Judge Hayden has no right to be above the law, and protect Defendant Audrey L. Storch. Plaintiff has the right to request a trial by Jury and all the witnesses have the right to testify in Court. [17 USC §1203 (b) (c), §1204 (a)]

D - District Court erred; Judge Hayden never explained why Ms. Yip cannot sue Audrey L. Storch and JAAM'LLC for infringement of her rights in Case No. 08-4746 (KSH). The only "reason" Judge Hayden made up for dismissing this case was that "this case is the same as the previous case," and she closed both cases. (See Exhibit 4, all the documents of court orders).

## BACKGROUND INFORMATION

1. (Related to the case) On October 19, 2006, Wai Yip Int'l Corp filed a complaint in the United States District Court District of New Jersey against JAAM'LLC infringing upon Ping Yip (Winnie's) patent and copyright. Case No. 06-5032 (KSH)

2. In 2007 Wai Yip argued that Audrey L. Storch should be re-joined in the Case No. 06-5032 (KSH). Rule 4:30A. "The entire controversy doctrine, an equitable preclusionary doctrine whose purposes are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation......"

11

3. In 2007, District Court denied Plaintiff's request. The Court believes Audrey L. Storch cannot be a party in the JAAM'LLC case, because Ms Storch is "work for hire". That is Judge Hayden's opinion.

4. Audrey L. Storch is not "work for hire" in this case. She is the independent author of the copyrights plagiarized from Ping Yip's "Old MacDonald's Farm" and "ABC" books, and has sworn she is the author of these books on the "Certificate of Copyright Registration."

5. On April 23, 2008, Plaintiffs (Ping Yip, Cheung Fung Tsang, and JianHua Fei) filed a complaint against Audrey L. Storch for plagiarizing their work and deceiving The United States Copyright office. Case No 08-2370. (Cheung Fung Tsang has his voice recorded in the ABC book, and JianHua Fei is the illustrator in both books).

6. On July 28, 2008, Hon. Susan D. Wigenton denied this case without trial, stating that this case was similar to Wai Yip Int'l Corp v JAAM' LLC Case No. 06-5032 (KSH) because Judge Hayden is precluding Plaintiff from filing a complaint against Ms. Storch.

7. In February 2008, Audrey L. Storch (the owner of JAAM, LLC) knowingly transferred her part of the inventory and remaining funds to her new company, Hugs to Go, LLC, and fraudulently filed bankruptcy for JAAM, LLC.

8. Hugs to Go' LLC, the new company of Audrey L. Storch, still continues to sell Plaintiff's books after the JAAM, LLC bankruptcy.

9. On September 23, 2008, the Plaintiff filed a complaint against Hugs to Go, LLC and Audrey L. Storch for Ms Storch as an independent author because she failed to prove she is the "Work for Hire" employee in this Case, No. 08-4746 (KSH).

10. In February 2009, Defendant filed "Request to Dismiss the Case" arguing "the court ruled numerous times in Defendant's favor that ALL of Plaintiff's statements, evidence and so forth are dismissed."

11. Plaintiff cannot believe that a judge of "The United States District Court District of New Jersey" will only rule in Audrey L. Storch's favor and will deny all of

12

Plaintiff's statements and evidence without finding the truth. This should be impossible to happen in this country.

12. On September 15, 2009, Plaintiff filed a motion to request a hearing day.

13. On September 28, 2009, United States District Court Judge Hayden issued a ruling "declining to grant defendant Hugs to Go's request for sanctions at this time as it is permitting the plaintiff to attempt to cure the deficiencies in its Complaint against defendant Hugs to Go; and the Court declining to grant defendant Storch's request for sanctions because this ruling has ended this case against her and would be asking to the ultimate sanction a party could receive in a civil case; and the Court notifying plaintiff, however, that future filings against defendant Storch that mimic this Complaint or that embody the claims already the subject of the complaints that plaintiff or her company attempted to pursue against defendant Ms. Storch in Civ. No. 06-5032(KSH). Civ. No. 08-2370(SDW) and Bankruptcy No. 08-13514(DHS), may result in sanctions"

14. How can the court, without distinguishing the truth, follow Audrey L. Storch's instruction to dismiss the claims against defendant Storch?

15. On September 28, 2009, the court "FURTHER ORDERED" that, no later than October 13, 2009, the plaintiff shall file an Amended Complaint against Hugs to Go that sets forth the facts that provide a basis to assert that it has violated the patent laws by selling the books covered by the patent and describes the proof upon which the plaintiff will rely to support this assertion."

16. Since the Court closed all three cases, Case No. 06-5032(KSH), Civ. Case No. 08-2370(SDW), and Bankruptcy Case No. 08-13514(DHS) , Plaintiff requests that the last remaining case, Case No.2:08-CV-4746 (ksh),   should have a final judgment, [according to the Rule 4:30A (1) General Principles].

17. On October 8, 2009, Plaintiff filed an "Amended the Complaint" request that the three related parties should combine into one case [following Rule 4:30A (1) General Principles].

13

18. On October 15, 2009, Judge Hayden issued "the order specifically directing Plaintiff to file an Amended Complaint limited to claims against Hugs to Go".

19. Plaintiff does not understand why Judge Hayden has ordered that Plaintiff can only file a Complaint against "Hugs to Go." Is Ms. Storch allowed to plagiarize someone's work?

20. What is the reason Judge Hayden is giving this special protection to Ms. Storch?

21. On October 26, 2009, Plaintiff filed an Amended Complaint to emphasize that Ms. Storch is in violation of the copyright law, and has plagiarized Plaintiff's work, registering it with the Copyright Office as her own. According to Copyright Law Chapter 501(b), the name of the author on the copyright document is the legal or beneficial owner. If the author has stolen other people's work, and registered it as his or her own, that person should be held responsible for the action of infringement.

22. On October 26, 2009, Judge Hayden issued a document closing the case, because Plaintiff's Amended Complaint violated Judge Hayden's order that precluded naming Ms. Storch and JAAM'LLC.

23. On November 5, 2009, Plaintiff wrote a letter to Judge Hayden, requesting that the judge to explain her rulings.

24. On November 9, 2009, Judge Hayden cited many cases to support her decision to close Case No. 2:08-CV-4746 (ksh). After carefully reading these cases, the Plaintiff found that they still do not explain the judge's decision. Judge Hayden still has not explained why Ms. Storch is a "work for hire" employee (See Exhibit 4 the entire document this case had).

25. According to Copyright Law, the Plaintiff has the right to have a trial by Jury.

## CONCLUSION

For the foregoing reasons, Ping Yip (Winnie) respectfully requests that the Court reverse District Court Judge Hayden's order limiting claims against Hugs to

14

Go'LLC and precluding Plaintiff's claims against Defendant JAAM"LLC and Ms. Storch. **Audrey L. Storch** has to be held responsible for her action of infringement. Plaintiff has the right to file a complaint against Audrey L. Storch and her two companies, JAAM'LLC, and Hugs to Go' LLC (See Exhibit 5, the legal document of Ms Yip's Patent and Copyright)

[Copyright Law "Works Made for Hire Under the 1976 Copyright Act" Employer-Employee Relationship Under Agency Law "If a work is created by an employee, part 1 of the copyright code's definition of a work made for hire applies. To help determine who is an employee, the Supreme Court in CCNV v. Reid identified certain factors that characterize an "employer-employee" relationship as defined by agency law: 1 Control by the employee over the work (e.g; the employer may determine how the work is done, has the work done at the employer's location, and provides equipment or other means to create work)

"These factors are not exhaustive. The court left unclear which of these factors must be present to establish the employment relationship under the work for hire definition....."]

Audrey L. Storch failed to prove "how the work is done, [whether] the work [has] been done at the employer's location, and [whether or not she] provided equipment or other means to create [the] work." Ms Storch cannot prove she is the creator of these two books, and how she could be a "work for hire" employee.

Respectfully submitted,
Ping Yip (Winnie)

# Exhibit 1

"Certificate of Copyright Registration" Audrey L. Storch signed her name and swore she is the Author. On the Certificate of Registration it clearly shows that the "Name of Author" is Audrey L. Storch, not JAAM'LLC. "This Is Work for Hire" box, Ms. Storch checked "NO."

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 701 — 286**



EFFECTIVE DATE OF REGISTRATION

| 5 | 30 | 06 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

The Singing ABC Book

**NATURE OF THIS WORK ▼** See instructions

Cover and content images and sounds

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼         Number ▼              Issue Date ▼              On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**

Audrey L. Storch

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
    Domiciled in ▶ USA

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☑ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☑ No

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☑ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
    Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☐ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

---

**3**

**a**

**Year in Which Creation of This Work Was Completed**    2002
◀ Year  This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ *Aug.*   Day ▶ 15   Year ▶ 2003
Nation ▶ USA   ◀ Nation

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Audrey L. Storch
P.O. Box 2130
Wayne, NJ 07470-2130

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 3 0 2006
ONE DEPOSIT RECEIVED
MAY 3 0 2006
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

JPM00474

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

RE VAu 557-895

EFFECTIVE DATE OF REGISTRATION
6-24-2002
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
OLD MacDONALD'S FARM

**NATURE OF THIS WORK ▼** See instructions
PLUSH PLACEMAT

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

**a** **NAME OF AUTHOR ▼**
AUDREY L. STORCH

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[✗] No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ US
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   [ ] Yes   [✗] No
Pseudonymous?   [ ] Yes   [✗] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[✗] 3-Dimensional sculpture   [ ] Map   [ ] Technical drawing
[✗] 2-Dimensional artwork   [ ] Photograph   [ ] Text
[ ] Reproduction of work of art   [ ] Jewelry design   [ ] Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   [ ] Yes   [ ] No
Pseudonymous?   [ ] Yes   [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture   [ ] Map   [ ] Technical drawing
[ ] 2-Dimensional artwork   [ ] Photograph   [ ] Text
[ ] Reproduction of work of art   [ ] Jewelry design   [ ] Architectural work

[ ] Reproduction of work of art   [ ] Photograph   [ ] Technical drawing   [ ] Text

---

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Audrey L. Storch
P.O. BOX 2130
Wayne, NJ 07474-2130

See instructions before completing this space.

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

JPM00115

# Exhibit 2

# JAAM Infringement evidence



**Creators of**
**Unique Gifts and Toys....**

- HOME
- ABOUT
- PRAISE
- HUGGEE DOLLS
- BOOKS & PLAYMATS
- ORDER
- GIVE A HUG PROGRAM

**COMPANY NEWS**

**11-28-99 November**
This cancer patient had
a doll and a dream.
-The Record
Read More>>

**02-17-02 February**
Cancer survivor reaches
out with Huggee Miss
You.
-Toyfair Times
Read More>>



## MOVING SALE!

# Soft Singing Books/Playmats

With great excitement we proudly announce our growing line of Singing Books,
"Old MacDonald's Farm" was Nominated by CHILD MAGAZINE as: "One Of The
of 2002". By great demand we have come out with "The ABC Book" and now "T
Happy Birthday Book"! All our singing Books/Playmats work on Alkaline Batteri
AAA) ---not included.. They sing to you, they talk to you, and now in our HAPP'
BOOK they hold your pictures, money, gift certificates AND you can have every
it! Also use The SINGING HAPPY BIRTHDAY BOOK as a Card/Present!

Just sign the back of the book, put your pictures in, and send it off to the Birth
surprise they can enjoy time and again.

Laugh, Giggle, and Learn While You Are Having
So Much Fun with our Beautiful, Soft Singing Books!

### Old MacDonald's Farm
**style # 27291 $29.95 $14.95 – Includes 2 AA batteries and Free Carrying Case!**



A colorful and light-hearted animal scene. Press an animal
and hear the sounds they make. Press the tractor and hear
it running and honk its horn. Press the sunflower and hear
the song "Old MacDonald Had A Farm". Safe for infants as
young as six months. Spot clean only. Free carrying case. 3
feet long when open. Requires 2 AA batteries.



Protective Carrying
Case All styles come
with their own clear
vinyl carrying case
trimmed in iridescent
colors.

**The ABC Book**

Date 5/8/2008

style # 27295 ~~$39.95~~ $19.95 – Includes 2 AA batteries, Free Carrying Case, and 27 So
Book is 3 FEET LONG when open



A playful scene shows animals and children at play, A through Z! Press the chair and hear an "ABC Song" in a playful child's voice, or press any of the 26 items to hear the letter and its name. An excellent learning tool for preschoolers, or to reinforce learning for elementary age students. 3 feet long when open. 27 sounds!! Requires 2 AA batteries.



Protective Carrying Case All styles come with their own clear vinyl carrying case trimmed in iridescent colors.

## The Singing Happy Birthday Book
style # 27296 ~~$49.95~~ $12.00 - includes FREE BATTERIES



Colorful party scene 21" long. Award winning 77 person H.S. choir sings happy birthday to you when you press on the musical note. Those beautiful clear plastic pockets, all 4 of them, will hold your favorite party pictures, money and gift certificates too! That is not all!!! This beautiful, fun book comes with a magic marker so everyone at your party can sign it for you! Plenty of room on the back for more

names. Turning 5 or 50, you will love to enjoy this again
and again. Easy to mail, fits in any 8x10 envelope to mail
to your Birthday loved one wherever they are! Requires 2
AAA batteries - not included.

Includes a Magic Marker for Everyone to Autograph Your
Book!

To hear the Happy Birthday song, <u>click here.</u>



**Protective Carrying
Case** All styles come
with their own clear
vinyl carrying case
trimmed in iridescent
colors.

All singing books/playmats are spot washable! Free carrying case for
All books only sing when pressed and stop on their own!



**Order Toll Free 1.877.365.5677**
or Fax: 973.633.7068
Monday - Friday 8:00am - 6:00pm EST
email: jaamllc4@aol.com or HmissU@aol.com

Home - About - Praise - Huggee Dolls
Books & Playmats - Order - Give a Hug Program

ALL PRODUCTS ARE PROTECTED BY PATENTS
AND OR TRADEMARKS AND COPYRIGHT ©JAAM, LLC.
All rights reserved. We are aggressively protected on all of our patents, trademarks, and cop
So don't even think about it!

Site created and maintained by
Intelligent Graphix

# Exhibit 3

Ms. Storch the owner of Hugs to Go' LLC handle the business transaction with witness. (In May, 2008 JAAM'LLC already filed Bankruptcy).

Yahoo! | My Yahoo! | Mail | More

Welcome, **linadecker07** Sign Out | All-New Mail | Help

**YAHOO! MAIL** Classic

Search: [              ] [        ]

| Mail | Contacts | Calendar | Notepad | | What's New? | Mobile Mail | Options |

Unlimited Local & Long Distance Calling

per month

SIGN UP NOW

CLICK HERE

See your credit
score - free

Previous | **Next** | Back to Messages          Mark as Unread | Print

**Folders**   [Add - Edit]

| **Inbox** |
| Drafts |
| Sent |
| Spam | [Empty] |
| Trash | [Empty] |

**Search Shortcuts**

My Photos
My Attachments

Get hot TV
highlights now

Whats your car
Worth? Find out!

Who's Looking
For You

How to graduate
while you work

**Fwd: Order for dolls**                    Monday, May 12, 2008 2:42 PM
**From:** "hmissu@aol.com" <hmissu@aol.com>
  **To:** ourbarn@aol.com
  **Cc:** linadecker07@yahoo.com

Dear Jenn,
You can reach me at this email address or at
astorch@huggstogo.com. I use this email address right now the
most. We cannot get your phone number as it is unlisted and we
wish to help assist you in filling your order as we stated before
they are available through other stores. But you must call asap as
their inventory is very low. You can reach me at 973-650-5793.
Thank you again and we are so glad your son enjoys our
wonderful HUGGEE MISS YOU'S. We hope to come back with
them soon.
Best,
Audrey Storch
Hugs To Go LLC

-----Original Message-----
From: storch4@aol.com
To: hmissu@aol.com
Sent: Sat, 10 May 2008 3:09 pm
Subject: Re: Order for dolls

Dear Jenn,
You can reach me at this email address or at astorch@huggstogo.com. I use
this email address right now the most. We cannot get your phone number as it is
unlisted and we wish to help assist you in filling your order as we stated before
they are available through other stores. But you must call asap as their inventory
is very low. You can reach me at 973-650-5793.
Thank you again and we are so glad your son enjoys our wonderful HUGGEE

Hi again,

If not too late -- could we change the order for abra sun 17" and 11" to 1 each. And add 1 pink fuzzy 17" and 1 pink fuzzy 11" . . .same number of dolls just one set would be pink fuzzy.

If you can ammend order thanks!

Sorry for the confusion.

Jenn Haughey

-----Original Message-----
From: ourbarn@aol.com
To: HmissU@aol.com
Sent: Fri, 9 May 2008 6:53 pm
Subject: Order for dolls

Hi,

My son has one of your dolls and LOVES it! Thank you for making a wonderful product and a doll that a 6 year old boy feels ok about having :)

I would like to order some for friends and family:

Qty: 2 All Sports 17" 12.00
Qty: 2 All Sports 11" 8.95
Qty: 1 Ride 'Em Doggie 11" 8.95
Qty: 2 Abra Sun 17" 12.00
Qty: 2 Abra Sun 11" 8.95
Qty: 1 ABC Book 19.95

Billing and Shipping address:
Jennifer C Haughey
3 Friars Tale Rd
Staatsburg, NY 12580

Credit Card:
Visa 4266 8411 3492 7100 exp.: 08/08

Thank you!

Jennifer C. Haughey

-----Original Message-----
From: ourbarn@aol.com

Yahoo! | My Yahoo! | Mail | Tutorials | More    Make YI your homepage, ilnadecker07 Sign Out | All-New Mail | Help

**YAHOO!** MAIL
Classic

Search: [                    ]

**VistaPrint - 80% Off Premium Business Cards!**
Exclusive Offer - Save 30% to 80% Off Site-Wide
250 Biz Cards - Only $3.50.....Postcards, Letterhead & more
Only 2 Days Left to Save!
www.vistaprint.com - click here
VistaPrint
BEST PRINTING, BEST PRICE.

| Mail | Addresses | Calendar | Notepad |

**Check Mail** | **Compose**    [ hmissu@aol.com ]

**Refine Results**

**You have refined by:**
Read                    [Undo]

Advanced Search
Search Tips

View your Inbox

**Search Results** 1 - 1 of 1 messages for hmissu@aol.com

**Message View** | Photo View | Attachment View    First | Previous | Next | Las

| ☐ | ✎ | | Sender | Sub... | Date | 📎 | Folder |
|---|---|---|--------|--------|------|---|--------|
| ☐ | • | | hmissu@aol.com | Fwd:... | Mon May 12, 2008 | | Inbox |

... We hope to come back with them soon. Best, Audrey Storch Hugs To Go LLC -Original Message- From: storch4@aol.com To: **hmissu@aol.com** Sent: Sat, 10 May 2008 3:09 pm Subject: Re: Order for dolls Dear Jenn, You can reach me at this email address or at ...

Check All | Clear All          Messages 1 - 1 of 1    First | Previous | Next | Las

Hide snippets - Show small attachment

**Check Mail** | **Compose**    [ hmissu@aol.com ]

Copyright © 1994-2008 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

## CERTIFICATION of JOHN WILLIS

---

Ping Yip (Winnie)

58 West Saddle River Rd

Saddle River NJ 07458

Case number: 0813514DHS

Honorable Donald H. Steckroth

Plaintiff(s)

Dated Jun 6, 2009

Vs.

JAAM LLC
Audrey L. Storch

       Defendant(s)

P.O. Box 2130 Wayne NJ 07470-2130
Or
8 Mayfair Drive, Wayne, NJ 07470

---

I, John Willis of full age, duly certify as follows:

1.    I am requesting to present to the court my testimony as a witness that I have purchased JAAM,LLC's Soft Singing Old Macdonald Farm Book and Happy Birthday Book from Audrey Storch/JAAM,LLC in May of 2008.

2.    These JAAM, LLC's products were ordered by me through Audrey Storch, and also delivered by Audrey Storch personally to the

Hallmark Gift Land store in Wayne N.J. Gene Baillargeon and I purchased and picked up the books on May 12, 2008.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

*John Willis*

JOHN WILLIS
Dated Jun 6, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

## CERTIFICATION of GENE BAILLARGEON

Ping Yip (Winnie)
58 West Saddle River Rd
Saddle River NJ 07458

Case number: 0813514DHS

Honorable Donald H. Steckroth

Plaintiff(s)

Dated Jun 6, 2009

Vs.

JAAM LLC
Audrey L. Storch

      Defendant(s)

P.O. Box 2130 Wayne NJ 07470-2130
Or
8 Mayfair Drive, Wayne, NJ 07470

I, Gene Baillargeon, of full age, duly certify as follows:

1.    I certify with evidence, proof that Defendant of JAAM,LLC, Audrey Storch, has lied to the courts on multiple counts. On April 15, 2008 Audrey Storch told me that she was unable to sell any of her JAAM,LLC products personally because she had filed for Chapter 7 bankruptcy. However, she said she would be able to sell her products through Hallmark Gift Land store in Wayne N.J. I ordered the JAAMLLC Soft Singing Old Macdonald's Farm book and the Soft Singing ABC books from her by credit card. Hallmark Gift Land store

1

of Wayne N.J charged my credit card and sent these books to me by mail after about seven days. (Conversations were recorded on tape through speakerphone and witnessed).

2.    On May 7th 2008, certified co-witness Tony Anthony J.R. spoke with Audrey Storch by phone to order more JAAMLLC Soft Singing Books from her. (Conversation was co witnessed and audio recorded by Gene Baillargeon). Audrey Storch personally took this order from us by phone as (witnessed) and later delivered our JAAM,LLC order to the Hallmark Gift Land store in Wayne, N.J where Tony and I were instructed by Audrey Storch to go to make the payment for our JAAM,LLC book orders on May 10, 2008.

3.    My receipt was marked void of all items purchased, which indicated deception on the part of the Hallmark store. We videotaped the purchase as it occurred.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

**GENE BAILLARGEON**
Dated: Jun 6, 2009

2

# Exhibit 4

## All the document of court orders in this case

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Honorable  Patty Shwartz**                                    **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**                         **Federal Square, Newark, NJ  07101**
                                                                                **(973) 645-6596**

October 20, 2008

LETTER

RE:     **Ping Yip v. Hugs to Go, et al.**
          **Civil Action No.  08-4746 (KSH)**

Dear Litigants:

I have been assigned case management responsibilities in the above-referenced matter.   This letter is intended to advise you of some requirements established for the early stages of the litigation.

First, please provide my Chambers with the names and addresses of all attorneys involved in this case, when such information is available to you, and  immediately supply a copy of this letter to your adversaries.

Second, Rule 4(m) of the Federal Rules of Civil Procedure  requires that you serve a copy of the Summons and Complaint upon your adversaries within 120 days of the date of filing the Complaint. Otherwise, the action will be terminated.

Third, L. Civ. R. 26.1(b) requires counsel to confer and to submit a joint discovery plan before the initial conference, which will be scheduled as soon as one or more parties are joined.  Scheduling of all motions will be addressed at the Rule 16 conference. Prior to that time, no motions, including motions to dismiss or motions to transfer, shall be filed without leave of Court.

Fourth, I draw counsel's attention to the voluntary disclosures mandated by Fed. R. Civ. P. 26(a).  No other discovery shall be conducted until further Order of the Court.

Fifth, the Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court. Electronic case filing is mandatory for all cases except those involving a pro se litigant. Registration forms, on-line training, policies and procedures can be obtained from the Clerk's Office or the website: pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting (973) 645-4439.  Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified when an order is filed but are responsible for retrieving and reviewing the contents.

Finally, all counsel are expected and required to be in Court on time and ready to proceed for all scheduled proceedings.

If you have any questions regarding any of these matters, please contact my Deputy Clerk, Amy Andersonn at (973) 645-3715.

Very truly yours,

s/Patty Shwartz
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                               :

      Plaintiff                      :        Civil Action No.  08-4746 (KSH)

    v.                                 :
                                       :        ORDER ON INFORMAL
HUGS TO GO, ET AL.                     :        APPLICATION

      Defendant                      :

This matter having come before the Court by way of request of Audrey Storch for an order holding the plaintiff in contempt for filing applications in the Bankruptcy action and requesting a "protective order" to stop the plaintiff from allegedly "videotaping," "staging buyers", "hacking email," and leaving voice messages;

and the Court having already entered orders precluding the plaintiff from seeking discovery in this case, see, e.g., Order, dated January 13, 2009;

and the Court noting that the motion about which Ms. Storch complains was filed in the Bankruptcy case and hence cannot be deemed as a violation of this Court's Order;

and the Court directing the defendant to raise issues concerning filings in the Bankruptcy case with the Bankruptcy Court;

and it appearing that the other portion of defendant's request could arguably constitute a request for an injunction or suggest complaints under the state harassment law;

and to the extent the complaints deal with issues under such state law,  then such issues may be raised with the state authorities;

and to the extent Ms. Storch is looking for an injunction, then such a request must be directed to the United States District Judge in accordance with Fed. R. Civ. P. 65;

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                                    :

      Plaintiff                        :        Civil Action No.  08-4746 (KSH)

  v.                                      :
                            ORDER ON INFORMAL
HUGS TO GO, ET AL.                          :        APPLICATION

      Defendant                        :

This  matter having come before the Court upon its review of the docket;

and the docket reflecting that the plaintiff has filed a motion in this Court to compel the

bankruptcy trustee to take certain actions;

and since the bankruptcy trustee was appointed by the U.S. Bankruptcy Court, any

applications concerning the trustee should be filed in that Court;

IT IS THEREFORE ON THIS 13th day of February, 2009

ORDERED that the motion to compel the bankruptcy trustee to take certain action

[Docket No. 16] is denied as improperly filed in this Court.  Any such requests shall be filed in

the U.S. Bankruptcy Court.  Nothing herein constitutes a ruling on the merits of this motion.

                                     s/Patty Shwartz
                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                              :

      Plaintiff                  :       Civil Action No.  08-4746 (KSH)

  v.                                 :
                                              ORDER ON INFORMAL
HUGS TO GO, ET AL.                    :       APPLICATION

      Defendant                  :

This matter having come before the Court by way of letter filed April 7, 2009, regarding defendant's representative's[1] request concerning the scope of the Order dated January 14, 2009;

and it appearing that the plaintiff is seeking information concerning whether or not the order precludes the initiation of other actions;

and the Order dated January 14, 2009 governing only proceedings in this case;

and to the extent that the defendant

is requesting that the Undersigned enter an Order that bars the plaintiff from filing any other actions against individuals or entities other than the defendant, said request is denied because the Undersigned as a United States Magistrate Judge lacks the authority to enter such an Order;

IT IS THEREFORE ON THIS 7th day of April, 2009

ORDERED that to the extent that the defendant's representative is asking that the Undersigned enter an order barring the plaintiff filing lawsuits against individuals or entities other than the defendant, said request is denied; and

IT IS FURTHER ORDERED that all terms of the Order dated January 14, 2009 shall remain in full force and effect.

                              s/Patty Shwartz
                              **UNITED STATES MAGISTRATE JUDGE**

[1]The Court has notified the corporate parties of their obligation to secure counsel. See Order dated February 6, 2009

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                                    :

      Plaintiff                      :      Civil Action No.  08-4746 (KSH)

  v.                                        :

HUGS TO GO, ET AL.                          :      ORDER

      Defendant                      :

This matter having come before the Court by way of motion of plaintiff to request a rule 16 conference;

and the Court having reviewed the docket;

and it appearing that the motion to dismiss is pending and, if it is granted, it may resolve the entire case;

and for the reasons set forth in the Order dated January 13, 2009;

IT IS ON THIS 15th day of September 2009

ORDERED that the plaintiff's motion that the Court convene a Rule 16 conference [Docket No. 20] is denied without prejudice. If the motion to dismiss is denied, then the Court shall schedule a Rule 16 conference.

s/Patty Shwartz_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                                  :

      Plaintiff               :          Civil Action No.  08-4746 (KSH)

  v.                                     :

HUGS TO GO, ET AL.                        :                    ORDER

      Defendants              :

    This matter having come before the Court by way of application/petition of the

defendants to dismiss this case and for sanctions;

    and the Court having reviewed the docket and the submissions of the parties;

    and the Court having further considered the other cases that plaintiff or her company have

filed against defendant Storch and businesses allegedly associated with defendant Storch;

    and it appearing that the claims lodged against defendant Storch are no different from the

claims plaintiff or her company sought to lodge against defendant Storch and/or sought to pursue

against defendant Storch's company, Jaam, LLC, in Civ. No. 06-5032(KSH), Civ. No.08-

2370(SDW). and Bankruptcy No. 08-13514(DHS);[1]

    and the Court adopting the observations of the Hon. Susan D. Wigenton when she

conducted oral argument on a similar application in Civ. No. 08-2370, see Transcript, dated July

28, 2008;

    and the dispositions in these three cases barring further claims against defendant Storch

---

    [1]The Court notes that the plaintiff or her company have brought claims Jaam or other
defendants involving the product at issue in this case. See Civ. Nos 06- 3674(KSH), 08-
2876(FSH), and 09-1293(FSH).

1

arising from the facts on which those cases were based under the doctrine of res judicata/claim preclusion, see Mullarkey v. Tamboer, 536 F.3d 215, 225 (3d Cir. 2008)(observing that the doctrine applies to both claims brought in as well as those that could have been brought in a previous suit for which there has been: (1) a final judgment on the merits; (2) involving the same parties; and (3) a later case based upon the same cause of action);[2]

and a review of the allegations against defendant Hugs to Go failing to show that Hugs to Go existed at the time of the acts about which plaintiff complains or that itself engaged in acts associated with the books that plaintiff contends are covered by the patent;

and the Court therefore finding that the Complaint against Hugs to Go does not meet the pleading requirements of Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (stating that Fed. R. Civ. P. 8 requires a pleading to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests");

and given plaintiff's pro se status, the Court will give plaintiff an opportunity to amend her Complaint against Hugs to Go so that she may set forth the facts upon which she contends Hugs to Go has violated the patent;

and the Court declining to grant defendant Hugs to Go's request for sanctions at this time as it is permitting the plaintiff to attempt to cure the deficiencies in its Complaint against defendant Hugs to Go;

---

[2]To the extent it applies to a federal claim of patent infringement, the entire controversy doctrine may serve as an additional basis for precluding plaintiff from proceeding against defendant Storch in this case as claims raised here that could have been raised in an earlier filed case, such as Civ. No. 08-2370.

and the Court declining to grant defendant Storch's request for sanctions because this ruling has ended this case against her and would be akin to the ultimate sanction a party could receive in a civil case;

and the Court notifying plaintiff, however, that future filings against defendant Storch that mimic this Complaint or that embody the claims already the subject of the complaints that plaintiff or her company attempted to pursue against defendant Storch in Civ. No. 06-5032(KSH), Civ. No. 08-2370 (SDW), and Bankruptcy No. 08-13514(DHS), may result in sanctions;[3]

and for good cause shown.

IT IS ON THIS 28th day of September 2009

ORDERED that the application/petition to dismiss the claims against defendant Storch [Docket No. 8] is granted;

IT IS FURTHER ORDERED that, no later than **October 13, 2009**, the plaintiff shall file an Amended Complaint against Hugs to Go that sets forth the facts that provide a basis to assert that it has violated the patent laws by selling the books covered by the patent and describes the proof upon which the plaintiff will rely to support this assertion. Failure to submit an Amended Complaint by **October 13, 2009** with the detail set forth herein as required by Twombly will result in a dismissal of the claims against defendant Hugs to Go;

IT IS FURTHER ORDERED that defendants' request for sanctions is denied without prejudice; and

---

[3]The Court notes that the frequency and redundancy of plaintiff's filings has resulted in an Order that barred her from making filings in the bankruptcy case. Bankruptcy No. 08-13514(DHS), Docket No. 105 , Order, dated September 15, 2009.

3

IT IS FURTHER ORDERED that no discovery may proceed unless and until the Amended Complaint is filed and served, an Answer is filed, and a Pretrial Scheduling Order is entered addressing discovery and other pretrial tasks.

s/   Katharine S. Hayden

UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                                        :

        Plaintiff                          :          Civil Action No.  08-4746 (KSH)

    v.                                          :

                              ORDER

HUGS TO GO, ET AL.                       :

        Defendants                      :

This matter having come before the Court on its review of the docket;

and it appearing that the plaintiff has filed an Amended Complaint by the deadline set in the Order dated September 28, 2009;

and the Order specifically directing plaintiff to file an Amended Complaint limited to claims against Hugs to Go;

and the defendant, in contravention of the Order, filed claims against defendant Storch;

and the defendant having also added defendant JAAMs;

and the claims against defendant JAAMs having been addressed in 06-5032(KSH) and Bankruptcy No. 08-13514(DHS) and the resolution of those cases bar plaintiff from brining suit against this entity that are based upon the same facts upon which these cases were based;

and the Court granting the plaintiff one additional opportunity to file an Amended Complaint against Hugs to Go because of her pro se status with the detail described in the Order dated September 28, 2009;

and for the reasons set forth in the Order dated September 28, 2009;

IT IS THEREFORE ON THIS 14th day of October, 2009

ORDERED that the Amended Complaint [Docket No. 14] is struck because it fails to

comply with the Order dated September 28, 2009; and

IT IS FURTHER ORDERED that, no later than **October 27, 2009,** the plaintiff shall file an Amended Complaint against Hugs to Go only that sets forth the facts that provide a basis to assert that it has violated the patent laws by selling the books covered by the patent and describes the proof upon which the plaintiff will rely to support this assertion. Failure to submit an Amended Complaint by **October 27, 2009** with the detail set forth herein as required by Twombly will result in a dismissal of the claims against defendant Hugs to Go.

s/Katharine S. Hayden
UNITED STATES DISTRICT JUDGE

CLOSING

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PING YIP                              :

     Plaintiff                      :          Civil Action No.  08-4746 (KSH)

  v.                                   :
                                              ORDER
HUGS TO GO, ET AL.                    :

    Defendants                     :

This matter having come before the Court on its review of the docket;

and the plaintiff having filed an Amended Complaint that again seeks to name Audrey

Storch and JAAM and fails to set forth the facts concerning her claim against Hugs To Go;

and the Amended Complaint therefore failing to comply with the Orders that precluded

naming Ms. Storch and JAAM and required that the plaintiff set forth the facts that support her

claim against Hugs To Go;

and the Amended Complaint therefore violating the Order dated October 14, 2009;

and the plaintiff being place on notice of the consequence of noncompliance with the

October 14, 2009 Order;

and for the reasons set forth in the Orders dated September 28, 2009 and October 14,

2009;

IT IS THEREFORE ON THIS 29th day of October, 2009

ORDERED that the Amended Complaint [Docket No. 25] is struck; and

IT IS FURTHER ORDERED that the claims against defendant Hugs to Go is dismissed

for failing to meet the Twombly pleading standard and the claims against all other defendants are

dismissed for the reasons set forth in the Order dated September 28, 2009.

s/ Katharine S. Hayden
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PING YIP,<br><br>           Plaintiff,<br><br>   v.<br><br>HUGS TO GO, ET AL.,<br><br>          Defendants. | Civil Action No.  08-4746 (KSH)<br><br>ORDER |

This matter having come before the Court by way of the plaintiff's letter labeled as a "motion for reconsideration" of the Order dated October 29, 2009, which dismissed the Complaint;

and the Court having considered the submission;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003);

and a court may grant a properly filed motion for reconsideration for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice," Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v. Everson, Civ. No. 03-4787, 2004 WL 1587894 at *1 (D.N.J. May 21,

2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the Court has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through — rightly or wrongly," Ciba-Geigy Corp. v. Alza Corp., Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (citing Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993));

and because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634 (D.N.J. 1997);

and the plaintiff having failed to show that the Court overlooked any facts or law, that new evidence has been discovered, there has been an intervening change in the law, or that a manifest injustice will occur if the Order is not reconsidered;

and it appearing that the plaintiff disagrees with the Court's rulings concerning denying her permission to pursue Ms. Storch or JAAM;

and it appearing that plaintiff is requesting that the Court rethink what it already thought through and this is not an appropriate basis to seek or obtain reconsideration;

and the Court's reasons for dismissing the Complaint against Ms. Storch and JAAM being different from the reasons it dismissed the Complaint against Hugs To Go, which demonstrates

the Court's recognition that JAAM and Hugs To Go were being pursued as separate parties;

and the Court having dismissed the Complaint against Hugs to Go because the plaintiff failed to comply with the Court's directives that she provide facts sufficient to withstand scrutiny under Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), that described the conduct in which she alleged Hugs To Go engaged;

and her present submission continuing to fail to address this directive;

and the Court having already set forth its reasons for precluding plaintiff from attempting to reinstitute the claims against Ms. Storch and JAM;

and for the reasons set forth herein and in the Orders dated September 28, 2009, October 14, 2009, and October 29, 2009;

IT IS ON THIS 9th day of November, 2009

ORDERED that the motion for reconsideration [Docket No. 28] is denied.

s/ Katharine S. Hayden
UNITED STATES DISTRICT JUDGE

# Exhibit 5

The legal document of Ms Yip,
Patent and Copyright

## The Director of the United States Patent and Trademark Office

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

### United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to any statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extensions.*

*Director of the United States Patent and Trademark Office*

US006641170B2

**(12) United States Patent**
Yip

(10) Patent No.: **US 6,641,170 B2**
(45) Date of Patent: **Nov. 4, 2003**

(54) **CHILDREN'S SOUND BOOK**

(76) Inventor: **Winnie Yip**, 58 W. Saddle River Rd., Saddle River, NJ (US) 07458

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/965,091**

(22) Filed: **Sep. 27, 2001**

(65) **Prior Publication Data**

US 2003/0057696 A1 Mar. 27, 2003

(51) Int. Cl.[7] ................................................. B42D 3/00
(52) U.S. Cl. ............................... 281/29; 281/36; 281/37; 281/38; 281/51; 434/317
(58) Field of Search ............................... 281/29, 36, 37, 281/51; 402/70, 73; 434/317, 327, 339, 169

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,235,974 A  *  8/1993  Miller ......................... 607/108

5,356,296 A  *  10/1994  Pierce et al. ................. 434/317
5,997,304 A  *  12/1999  Wood .......................... 434/169

* cited by examiner

Primary Examiner—Willmon Fridie, Jr.
(74) Attorney, Agent, or Firm—Richard A. Joel, Esq.

(57) **ABSTRACT**

This invention relates to children's sound books and in particular to books having a fabric covering with sound chips positioned therein and an overlapping cover which closes and locks due to hook and loop fasteners. This invention involves a folding cloth covered book that is appealing to children, pleasant to touch and stretches out into an elongated representation of the book subject matter. Sound chips and a controller are mounted between cloth layers and are coupled to a controller similarly mounted to emit sounds when a particular representation is contacted. The books are intended for children 6 months old and above.

**2 Claims, 5 Drawing Sheets**



Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE



TXu 1-123-555

TXU 1123555
EFFECTIVE DATE OF REGISTRATION

5      17      02
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**  TITLE OF THIS WORK ▼

ABC

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**  **a**  NAME OF AUTHOR ▼

WAI YPI INT'L CORP

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?      ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼
ENTIRE CONTENTS OF TEXT

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**  **a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given ◀ Year in all cases.
2002

**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information    Month ▶          Day ▶          Year ▶
ONLY if this work has been published.                                    ◀ Nation

---

**4**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
WAI YPI INT'L CORP
58 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 17 2002
ONE DEPOSIT RECEIVED
MAY 17 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

OCT 22 2003

---

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions.    Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS

OFFICIAL SEAL



TXu 1-059-189

EFFECTIVE DATE OF REGISTRATION

Month 8   Day 24   Year 01

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

OLD McDONALD'S FARM

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

---

**2**

**a**

NAME OF AUTHOR ▼
WAI YIP INT'L CORP.

DATES OF BIRTH AND DEATH
Year Born ▼  1955   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼
ENTIRE CONTENTS OR TEXT   ILLUSTRATIONS  AND COMPILATION

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
2001 ◀ Year

**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information  Month ▶   Day ▶   Year ▶
ONLY if this work has been published.
◀ Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼  WAI YIP INT'L CORP.
58 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

APPLICATION RECEIVED
AUG 2 4 '01
ONE DEPOSIT RECEIVED
AUG 2 4 '01
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

# Exhibit 5

# The legal document of Ms Yip Patent and Copyright

# The Director of the United States Patent and Trademark Office

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

# United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to any statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extensions.*

*Director of the United States Patent and Trademark Office*

Case 2:08-cv-04746-KSH-PS   Document 30   Filed 11/20/08   Page 59 of 65

US006641170B2

## (12) United States Patent
Yip

(10) Patent No.: **US 6,641,170 B2**
(45) Date of Patent: **Nov. 4, 2003**

(54) **CHILDREN'S SOUND BOOK**

(76) Inventor: **Winnie Yip**, 58 W. Saddle River Rd., Saddle River, NJ (US) 07458

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/965,091**

(22) Filed: **Sep. 27, 2001**

(65) **Prior Publication Data**

US 2003/0057696 A1 Mar. 27, 2003

(51) Int. Cl.$^7$ ................................................ B42D 3/00
(52) U.S. Cl. ............................. **281/29**; 281/36; 281/37; 281/38; 281/51; 434/317
(58) Field of Search ............................. 281/29, 36, 37, 281/51; 402/70, 73; 434/317, 327, 339, 169

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,235,974 A * 8/1993 Miller ........................ 607/108

5,356,296 A * 10/1994 Pierce et al. ................. 434/317
5,997,304 A * 12/1999 Wood ......................... 434/169

* cited by examiner

Primary Examiner—Willmon Fridie, Jr.
(74) Attorney, Agent, or Firm—Richard A. Joel, Esq.

(57) **ABSTRACT**

This invention relates to children's sound books and in particular to books having a fabric covering with sound chips positioned therein and an overlapping cover which closes and locks due to hook and loop fasteners. This invention involves a folding cloth covered book that is appealing to children, pleasant to touch and stretches out into an elongated representation of the book subject matter. Sound chips and a controller are mounted between cloth layers and are coupled to a controller similarly mounted to emit sounds when a particular representation is contacted. The books are intended for children 6 months old and above.

**2 Claims, 5 Drawing Sheets**





This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 1-123-585**



TXU 1123585
EFFECTIVE DATE OF REGISTRATION

5   17   02
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**
**TITLE OF THIS WORK ▼**
ABC

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give    **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**2**

**a**
**NAME OF AUTHOR ▼**
WAI YPI INT'L CORP

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?    ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
ENTIRE CONTENTS OF TEXT

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**
**a**
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ONLY if this work has been published.
2002    ◀ Year in all cases.

**b**
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information    Month ▶ _____ Day ▶ _____ Year ▶ _____    ◀ Nation

**4**
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼ WAI YPI INT'L CORP
58 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED    OCT 22 2003
MAY 17 2002
ONE DEPOSIT RECEIVED
MAY 17 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-6) on the reverse side of this page.
See detailed instructions.    Sign the form at line 8.

Page 1 of ____ pages

# CERTIFICATE OF REGISTRATION



**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*



**TXu 1-059-189**

EFFECTIVE DATE OF REGISTRATION

Month 8  Day 24  Year 01

OFFICIAL SEAL

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

OLD McDONALD'S FARM

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

## 2

**a**

**NAME OF AUTHOR ▼**

WAI YIP INT'L. CORP.

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1955    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
ENTIRE CONTENTS OF TEXT  ILLUSTRATIONS  AND  COMPILATION

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2001 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶    Day ▶    Year ▶    ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
WAI YIP INT'L CORP
58 WEST SADDLE RIVER ROAD
SADDLE RIVER, NJ 07458

See instructions before completing this space.

APPLICATION RECEIVED
AUG 24 2001

ONE DEPOSIT RECEIVED
AUG 24 2001

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

PNG Zip winnie

# Touch, Listen & Learn Book

## Mats ©

*with* Sing, Sing, Sing, Along My ´Old Mac Donald's Farm´





With our soft musical´Old Mac Donald´s Farm´ even the youngest child can benefit from the sounds of language and music. From baby to preschooler,our series of audible books including the A–B–C, 1–2–3 and other educational stories, will help children develop an early love of reading. Let the fun and learning begin!

Recommended Age:6 months and up
Handmade in China.All new materials.65% Polyester,35%Cotton.Surface washable.

2AA Batteries Required
(Not Included)
1. Open the door
2. Remove fabric dag
3. Using a Phillips head screwdriver,open battery case
4. Insert 2AA batteries
5. Screw case cover back on
6. Place battery case back inside the bag
7. Slide back into the door
8. Enjoy!

Warning:Plastic carrying case is not a toy. Keep away from children at all times.





# Touch, Listen & Learn©

## with "My ABC Book"



With our colorful books, filled with pictures and sounds, even the youngest child can learn that the sounds we hear are associated with the letters we see. Studies have shown that this can directly lead to raising children who are *reading ready and ready to learn.*

From baby to preschooler, our series of soft audible books including the A–B–C, Farm Animals, 1–2–3 and other educational stories, will help children develop an early love of reading leading to success in school.

Recommended Age: 6 months and up.
Handmade in China, All new materials, 65% Polyester, 35% Cotton, Surface washable.

Warning: Plastic carrying case is not a toy, Keep away from children at all times.



2 AA Batteries Required
( Not Included )

1. Open the door
2. Remove fabric bag
3. Using a Phillips head screwdriver, open battery case
4. Insert 2 AA batteries
5. Screw case cover back on
6. Place battery case back inside the bag
7. Slide back into the door
8. Enjoy!

ISBN 0-9723440-0-4

# Our Singing ABC Book

With our colorful soft books, filled with wonderful pictures and sounds, even the youngest child can learn that the sounds we hear are associated with the letters we see. An excellent learning tool for preschoolers, or to reinforce learning for elementary age students. From Babies to Kindergarteners...our series of soft audible books - including ABC and Old MacDonald's Farm - will help children develop an early love of reading!

Our Singing ABC Books are intended for children 18 months and up. A playful scene shows animals and children at play. A through Z! Press the choir and hear an "ABC Song" in a playful child's voice, or press any of the 26 items to hear the letter and its name. 27 sounds in all! Requires two AA batteries (not included).



"J", JAGUAR...
The Jaguar lives in the jungle!

Press your friends to hear our wonderful ABC song!

"H", HORSE...
The Horse is looking for his friend!

"O", OWL...
The Owl sleeps all day!

"V" VEGETABLES...
Vegetables are delicious!

**Instructions for Battery Installation:**

1. Open up book.
2. Open door on the Tree.
3. Remove bag containing battery pack.
4. Using a small Phillips Head screwdriver, open battery case.
5. Insert 2 AA alkaline batteries.
6. Screw case cover back on.
7. Place battery case back inside bag, on to velcro strip.
9. Close door on the Tree.
10. Enjoy!

Recommended Ages: 18 months and up. Handmade in China. All new materials. 65% cotton, 35% polyester. reg. no. pa-8785(rc)

- 2 AA batteries required. (not included)
- Size 0 Phillips Head screwdriver needed for battery insertion.
- Do not mix new and used batteries.
- Do not mix alkaline and cadmium batteries.
- Do not mix rechargeable and non-rechargeable batteries.

Warning: Plastic carrying case is not a toy. Keep away from children at all times.

TM

Patent Pending
Copyrighted 2002 All Rights Reserved
Created & Distributed by JAAM, LLC.
P.O. BOX 2130, Wayne, NJ 07470

6 861196 272959

# Old MacDonald's Farm Singing Book

**Sing, Sing a Song, Open Up and Sing Along.....**

**Go ahead and press the pig, press the cat, press each one and have yourself lots and lots of fun.**



Press me, I'll say neigh, neigh

Press me, I'll say woof, woof

Press me, I'll say baa, baa

Press me, I'll say oink, oink

Press me, I'll say moo, moo

Press me, I'll say meow, meow

Press me and I'll crow

Press me, I'll say quack, quack

Press me, I'll sing Old MacDonald

*WARNING:*
Do not mix old and new batteries.
Do not mix alkaline, standard (carbon-zinc),
or rechargeable (nickel-cadmium) batteries.

™   Distributed by IAAM, LLC.
P.O. Box 2130, Wayne, NJ 07470

Recommended Ages: 6 months and up
Handmade in China. All new materials. 65% polyester, 35% cotton.
reg. no.pa-8785(rc)
Warning: Plastic carrying case is not a toy. Keep away from children at all times.

- 2 AA batteries required (not included)
- #0-small Phillips head screwdriver needed for battery insertion

**Instructions for Battery Installation**

1. Open up book.
2. Open the barn door.
3. Remove bag containing battery pack.
4. Using a phillips head screwdriver, open battery case.
5. Insert 2 AA batteries.
6. Screw case cover back on.
7. Place battery case back inside bag.
8. Slide back into barn door.
9. Close velcro door.
10. Enjoy!